■ EILEEN MCLAUGHLIN et al., Respondents, v. G. D. SEARLE, INC., Appellant, et al., Defendant.— Order, Supreme Court, New County, entered November 8, 1971, insofar as it denied defendant-appellant's motion for a protective order,

unanimously reversed, on the law, the facts and in the exercise of discretion, and such motion is granted, without costs and without disbursements. The notice of deposition requires the production, for use on the examination, of "All pertinent books, records, statements and documents relating to the manufacture, testing, distribution, public warning, warranty or representation, advertisement, safety of its oral contraceptive pill, known as 'Enovid'". It appears from the record that witnesses and voluminous records, papers, etc., are required to be produced which would necessitate the incurring of undue and unreasonable expense if the examination were held in New York. Under the circumstances of this case it is concluded that the examination should be held in Skokie, Illinois, either by written interrogatories or by open commission at plaintiff's election. Relevant books, records, etc., should be produced for use at such examination. Each of the parties shall pay their respective expenses incurred in the taking of the deposition of G. D. Searle, Inc., and the party ultimately succeeding in the action may tax and recover the expenses incurred as a taxable disbursement (*Friedman* v. *Greyhound Lines,* 32 A D 2d 772). While plaintiff is entitled to relevant and necessary information, material confidential in nature, or information which is subject to abuse if widely disseminated, shall be accorded judicial safeguards where possible. That branch of defendant's motion requesting that any party to the action, their attorneys or representatives be barred from disclosing trade or business secrets, secret processes or research or any other confidential material disclosed upon the examination to anyone other than counsel working on this case, officers of the court and any court supervising disclosure and any experts reasonably necessary for the preparation and trial of this case, is granted (CPLR 3103, subd. [a]). Settle order on notice. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Murphy, JJ.