■ ARTHUR SIMENSKY, Doing Business as PENBROOK HOUSE, Respondent, v BOARD OF ASSESSORS OF THE VILLAGE OF LYNBROOK, Appellant.—In consolidated tax certiorari proceedings, the appeal is from an order of the Supreme Court, Nassau County, dated February 27, 1975, which, *inter alia,* directed reduction of the assessments for the tax years in suit. Order affirmed, without costs. The reductions in assessed valuation ordered by Special Term are amply supported by the record on this appeal. We do, however, disagree with Special Term's statement, in its opinion, that appellant *admitted* that its assessments were made at various percentages greater than 100%. Petitioner served appellant with demands to admit the ratios, constituting the State equalization rates, for the years in suit and appellant did not specifically deny that these percentages were correct. Inasmuch as the equalization rate exceeded 100% for each of the years in issue and subdivision 1 of section 716 of the Real Property Tax Law appears to preclude a petitioner from using the medium of a demand to admit where the asserted ratio is in excess of 95%, it is difficult to conceive how appellant's silence could be legally interpreted as an admission of overvaluation. Moreover, the record reveals that even at the trial appellant refused to concede that the State Board of Equalization and Assessment had correctly determined that the village had been assessing at a percentage greater than 100%, although it was content to accept a ratio of 100% in lieu of mounting an evidentiary challenge to the State rates. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ ISAAC COHEN et al., Respondents, v BERNARD S. RESNIK et al., Appellants.—In an action *inter alia* to recover upon oral contracts, defendants appeal from an order of the Supreme Court, Suffolk County, dated March 26, 1975, which, upon their motion for a protective order, modified plaintiffs' notice to inspect certain articles. Order affirmed, without costs. The complaint alleges oral employment of plaintiffs by defendants to design and develop certain machines and devices and the completion of the work. The answer, *inter alia,* denies that plaintiffs designed and developed the machines. Plaintiffs served a notice to inspect and photograph, etc., on defendants' premises, certain machines presently used by defendants. Defendants moved to vacate the notice on the ground, *inter alia,* that the machines constitute trade secrets. Special Term granted the motion to the extent of limiting plaintiffs' inspection, examination and photographing to three machines, between certain hours on a date to be agreed upon by the parties, within 30 days after the date of the order under review. We find no abuse of discretion by Special Term. The disclosure permitted is necessary for the prosecution of the action (cf. *Drake v Herrman,* 261 NY 414). Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.