■ AMY SNYDER, an Infant, by Her Mother and Natural Guardian, LOLA SNYDER, et al., Respondents, v PARKE, DAVIS & COMPANY, Appellant, and WILLIAM SHAPIRO, Respondent.—Order, Supreme Court, New York County, entered July 9, 1976, which denied defendant-appellant's motion for a protective order, unanimously modified, on the law, the facts and in the exercise of discretion, and the motion is granted to the extent that deposition of defendant-appellant be taken at its home office in Detroit, Michigan; disclosure be limited to relevant and necessary information; costs to be taxed by the successful party; and access to the materials disclosed be limited, and, as so modified, affirmed, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered September 27, 1976, denying defendant-appellant's motion for reargument, unanimously dismissed, as nonappealable, without costs and without disbursements. Plaintiff brought suit on her own behalf and on behalf of her daughter charging defendants with responsibility for birth defects suffered by the daughter as the result of use of the drug known as Norlutate and/or Norlutin, manufactured and sold by defendant-appellant Parke, Davis & Co. (Parke), and prescribed by defendant-respondent Dr. Shapiro. A notice of deposition by codefendant Shapiro requires the production by Parke, for use on the examination, of "all relevant records, books, papers, documents, correspondence and copies thereof, and other writings and papers". Parke's motion for a protective order was denied. This appeal followed. It appears from the record that numerous witnesses and voluminous records, papers, etc., are required to be produced which would necessitate the incurring of undue and unreasonable expense if the examination were held in New York. Furthermore, documents pertaining to development of the drug are contained in over 36,000 pages which include an extensive unduplicated set of volumes called the "New Drug Application" which, Parke claims, the Food and Drug Administration does not allow to be removed from Parke's premises. As this court held in *McLaughlin v G. D. Searle, Inc.* (38 AD2d 810, 811) (with interpolation of names relating to the case at bar): "Under the circumstances of this case it is concluded that the examination should be held in [Detroit, Michigan]. Relevant books, records, etc., should be produced for use at such examination. Each of the parties shall pay their respective expenses incurred in the taking of the deposition of [Parke], and the party ultimately succeeding in the action may tax and recover the expenses incurred as a taxable disbursement *(Friedman v. Greyhound Lines,* 32 A D 2d 772). While plaintiff is entitled to relevant and necessary information, material confidential in nature, or information which is subject to abuse if widely disseminated, shall be accorded judicial safeguards where

possible. That branch of defendant's motion requesting that any party to the action, their attorneys or representatives be barred from disclosing trade or business secrets, secret processes or research or any other confidential material disclosed upon the examination to anyone other than counsel working on this case, officers of the court and any court supervising disclosure and any experts reasonably necessary for the preparation and trial of this case, is granted (CPLR 3103, subd. [a])." Parke's claim of priority of discovery is meritless. CPLR 3106 does not provide for priority of discovery between codefendants nor is there any support for a stay of discovery between codefendants' pending answers to interrogatories posed by one codefendant to the plaintiff. Settle order on notice. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Nunez, JJ.