In the Matter of WESTCHESTER ROCKLAND NEWSPAPERS, INC., Petitioner, v JOHN C. MARBACH, as Justice of the Supreme Court, et al., Respondents.

Second Department, February 20, 1979

### APPEARANCES OF COUNSEL

*Kent, Hazzard, Jaeger, Freeman, Greer & Wilson (Otto C. Jaeger, William J. Greer* and *Emery M. Anderson* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Joseph W. Henneberry* of counsel), for John C. Marbach, respondent.

*Miller, Montgomery, Sogi, Brady & Taft (Lester Nelson* and *Jeffrey W. Herrmann* of counsel), for Holy Spirit Association for the Unification of World Christianity Inc. respondent.

### OPINION OF THE COURT

*Per Curiam.*

This is a proceeding pursuant to CPLR article 78 to prohibit enforcement of so much of an order of the Supreme Court, Westchester County (MARBACH, J.), dated November 17, 1978, as barred representatives of the media from attending any examinations before trial and prohibited them from obtaining a transcript of the depositions in an action pending in the Supreme Court, Westchester County.

The proceeding should be dismissed on the merits, without costs or disbursments.

Respondent the Holy Spirit Association for the Unification of World Christianity Inc. (Unification Church) commenced an action against respondents the Town of Greenburgh, Village of Tarrytown, and their respective boards of assessors, to declare real property owned by it exempt from real property taxes on the ground that the Unification Church is a religious and charitable institution. In that action, the town and village sought disclosure to obtain information concerning the financial status and activities of the Unification Church.

At the start of the October 10, 1978 disclosure session, the

Unification Church objected to the presence of an attorney representing the City of New York, where the Unification Church also has substantial real property holdings. A ruling was sought from Mr. Justice WALSH, who orally declared that the disclosure proceedings were open to the public. A reporter employed by the petitioner, Westchester Rockland Newspapers, Inc., was therefore allowed to attend.

During that session disputes arose as to the propriety of certain questions which delved into the entire Unification Church organization and its activities. The parties sought a ruling from Mr. Justice MARBACH on the propriety of such far-reaching questions. He signed an order permitting broad discovery but inserted a closure provision, barring the media and prohibiting a transcript of the proceedings from being made available to it. The closure provision is the subject of this CPLR article 78 proceeding.

Petitioner contends that the First Amendment to the United States Constitution gives the press the right to attend an examination before trial where the public interest is substantial. Petitioner recognizes that examinations before trial are not usually open to the public and press, and that matters elicited in such disclosure proceedings may be inadmissible upon the trial. No request is made for a prophylactic ruling which would open to the public pretrial proceedings in all actions. All that is requested is a ruling that in an action by a much publicized organization, which pays substantial real property taxes, to have its real property declared exempt from taxation, the public's interest is so great that pretrial proceedings should be as open to the public as is the trial itself.

■ ■ We disagree. "Freedom of the press" (US Const, 1st Amdt) does not encompass an automatic right to attend all stages of a civil litigation (Danziger v Hearst Corp., 304 NY 244). Rather, the primary concern is whether the press' presence will pose a "threat or menace to the integrity" of the proceedings (Craig v Harney, 331 US 367, 377). The courts are empowered to limit press and public access to court proceedings to maintain order and decorum and to protect the rights of parties and witnesses (People v Jelke, 308 NY 56, 63; Matter of Gannett Co. v De Pasquale, 43 NY2d 370). To this end, protective orders may be issued to regulate the use of disclosure devices and "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103, subd [a]). The following is

one of the examples of a protective order contemplated by the drafters of the statute (Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 3103, p 306): "Examinations shall be held with no one present but the parties, officers of the court and counsel; the information so obtained shall not be revealed, or after being sealed, the deposition shall be opened only by order of the court".

The foregoing indicates the special preserve which examinations before trial occupy. They are not "sittings of courts" which are required to be open to the public under section 4 of the Judiciary Law. Rather, they are private matters between the parties designed to assist them in their search for the relevant issues at the upcoming trial. It should be noted that none of the parties in the case at bar asked that the press be present at the disclosure sessions to assist them in the conduct of the litigation. Neither did they raise any objection to the order of Mr. Justice MARBACH that no transcript "be made available to the media".

Adequate reasons exist to exclude the public from the depositions. As a practical matter, no one may be present, without being invited, in the private offices of the attorneys where so many of the examinations are held (see *James v Powell*, 51 Misc 2d 705, 706). It is clear, that where, as here, broad discovery has been authorized, issues irrelevant to the case and inadmissible at trial may arise. Until the admissibility of any testimony given in support of those issues is determined, no proper purpose will be served by their dissemination in advance of the trial. For these reasons, we cannot concur in the suggestion of our brother, Mr. Justice SHAPIRO, that the prohibition against making transcripts available to the media prior to the trial be deleted from Mr. Justice MARBACH's order.

This court is not unmindful of the controversial, emotion-charged nature of the activities of the Unification Church. Nevertheless, as a matter of due process, its case should be heard strictly on the merits. Press coverage of the examinations before trial may well hinder the fair conduct of this litigation. Nor is the court unmindful of the public's "right to know." However, that right is not being subverted, but is merely being delayed until the trial begins.

Accordingly, we refuse to prohibit enforcement of Mr. Justice MARBACH's closure order.

SHAPIRO, J. (dissenting in part and concurring in part). I would delete that part of the order which prohibits the making of a transcript of the testimony available to the media. In all other respects I agree with the opinion. I see no reason why this case should be treated differently from any other by imposing a restriction on the parties as to what they may do with the testimony.

DAMIANI, J. P., O'CONNOR, RABIN and MARGETT, JJ., concur in *Per Curiam* opinion; SHAPIRO, J., dissents in part and concurs in part, with a memorandum.

Motion granted and proceeding is dismissed on the merits, without costs or disbursements.