■ In the Matter of WILLIAM J. DAETSCH, an Attorney.—Order of suspension entered pursuant to section 90 (subd 4, par f) of the Judiciary Law. Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ. (Order entered April 29, 1980.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ORAZIO, JR., Appellant.—Motion granted, counsel relieved of assignment to conduct appeal and appeal dismissed. (See *People v Hutchings,* 40 NY2d 836; *People v Sullivan,* 28 NY2d 900.)

## (May 23, 1980)

■ VIVIAN TYMKO, Respondent, v K-MART DISCOUNT STORES, INC., a Division of S.S. KRESGE Co., INC., Defendant, and PLOUGH, INC., Appellant.— Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff sues to recover the injuries which she allegedly sustained when she used Q-T Quick Tanning Solution, a product manufactured by defendant Plough, Inc., and which she purchased at a store of defendant, K-Mart Discount Stores, Inc. She alleges causes of action in negligence, strict products liability and breach of warranty. As a part of her pretrial preparation, she has had extensive discovery and has had a chemist analyze the product purchased. She now seeks disclosure of the formula for Q-T Tanning Lotion. Defendant Plough, Inc., appeals an order of Special Term which denied its application for a protective order, claiming that the formula is a trade secret and unnecessary to plaintiff's proof. The motion was properly denied. The formula is material and necessary to the negligence cause of action to determine whether the product was negligently made, e.g., whether the ingredients were mixed in the proper proportions, and it is material and necessary to aid in establishing negligent design in the strict products liability action. While plaintiff is entitled to the information, material confidential in nature or information which is subject to abuse if widely disseminated should be accorded judicial safeguards where possible. Thus, we modify Special Term's order to provide that "any party to the action, his attorney or representatives be barred from disclosing trade or business secrets, secret processes or research or any other confidential material disclosed upon the examination to anyone other than counsel working on this case, officers of the court and any court supervising disclosure and any expert reasonably necessary for the preparation and trial of this case" *(Snyder v Parke, Davis & Co.,* 56 AD2d 536, 537; *McLaughlin v G. D. Searle, Inc.,* 38 AD2d 810, 811; see *Cohen v Resnik,* 50 AD2d 847). (Appeal from order of Onondaga Supreme Court—protective order.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.