OPINION OF THE COURT
Lawrence E. Kahn, J.
Petitioner, Occidental Chemical Corporation, seeks an order pursuant to CPLR 2304 quashing a subpoena ad testificandum, and further vacating the notice of investigative hearing attached thereto.
Petitioner is the successor corporation to Hooker Chemicals and Plastics Corp., and operates a plastics manufacturing facility in North Tonawanda, Erie County, which is known as the Durez Plant. Petitioner is presently engaging in a remedial program vis-a-vis chemical waste products which were buried on plant property throughout the many years of operation from 1926 through 1973. Petitioner asserts, and respondent does not deny, that these remedial programs concerning its past waste disposal prac *186 tice have been voluntarily undertaken with an attempt at mutual co-operation between both the Federal and State governmental units having jurisdiction thereof.
Pursuant to a separate subpoena duces tecum, Occidental has produced for respondent, some 40,000 pages of documents concerning the generation, storage and disposal of waste at the plant. Prior to a review of this documentation, the instant notice of investigative hearing and subpoena ad testificandum was served on petitioner. The subpoena requires the production of documents concerning substantially identical matters as those contained in the prior subpoena. Respondent acknowledges that it has made little progress in reviewing the information compelled by the initial subpoena.
Respondents assert that ECL 3-0301 and 27-1309 authorize the procedure sought to be utilized herein. ECL 3-0301 (subd 2, par h) authorizes the commissioner to “[c]on-duct investigations and hold hearings and compel the attendance of witnesses and the production of accounts, books, documents, and nondocumentary evidence by the issuance of a subpoena.” The intent of this statutory language is to invest the commissioner with broad power to protect the public interest in these areas of vital community concern. In addition to this general grant of investigative powers, ECL 27-1309 specifically relates to hazardous waste generating, transporting or disposal activities. It authorizes the commissioner to take testimony by depositions under oath relating to these activities. This section empowers the commissioner to seek and discover facts through a preliminary investigative method well utilized in civil procedure. Unlike the general grant of authority contained in the preceding section, this provision specifically provides that such subpoenas and depositions are to be regulated by reference to the CPLR. Thus, the commissioner is afforded two separate and distinct methods by which to proceed.
The court agrees with the commissioner’s contention that the provisions of ECL 27-1309 do not limit his right to conduct a hearing pursuant to ECL 3-0301. However, he further contends that “The Department may combine the procedures and hold a joint deposition and hearing proce *187 dure”. This assertion is without merit. There is a distinct difference between the grant of authority found in each section. Depositions, as áforesaid, are specifically to be governed by the provisions of the CPLR. Most saliently, depositions conducted pursuant thereto are private and may not be opened to the public without the consent of the party to be deposed (Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335, 338). Thus, the commissioner’s assertion that he may combine a deposition with a hearing is invalid.
The commissioner has heretofore subpoenaed many volumes of Occidental’s records pursuant to his investigatory powers. He most certainly has the statutory authority to depose Occidental through the production of an employee to be chosen, in the first instance, by Occidental. However, he may not conduct this deposition via a public hearing. Indeed, ECL 27-1311 specifically provides for confidentiality of certain trade secrets and other information which would be competitively detrimental to a person so deposed. The language of the statute requires reasonable notice prior to the release of information. Thus, the clear legislative presumption is that these depositions will not be public in the first instance, but rather, may be released only after due notice to the person or entity deposed.
The notice of hearing and subpoena ad testificandum are invalid in that they purport to require the attendance of any and all of the officers and employees of any consultants, parent corporations, subsidiaries or affiliates who may have knowledge of current and past waste generating, transporting or disposal activities of the Durez Plant. This shotgun approach is not permissible. However, in this regard, respondent has agreed to allow petitioner, in the first instance, to choose which of its employees will answer the subpoena. Further, it is apparent that the commissioner already has access to the information sought by way of the subpoena ad testificandum. Thus, this court can glean no reason by which to justify a further reproduction of this voluminous material.
In summary:
1. The commissioner, by virtue of a prior subpoena duces tecum, has access to that information sought by the pre *188 sent subpoena ad testificandum, thereby negating any necessity for a duplication thereof.
2. The commissioner, pursuant to ECL 3-0301 (subd 2, par h) may conduct an investigation and hold a hearing with respect to waste generating, transporting and disposal activities of Occidental.
3. The commissioner may, pursuant to ECL 27-1309 (subd 2), privately depose, under oath, Occidental with respect to waste generating, transporting or disposal activities.
4. The commissioner may compel production of a person, to be chosen in the first instance by Occidental, to appear at the scheduled public hearing.
5. The commissioner may not combine the procedures and hold a joint deposition and public hearing.
Petitioner’s motion for an order pursuant to CPLR 2304 quashing the subpoena ad testificandum and the annexed notice of investigative hearing shall be granted, to the extent that it seeks production of records and documents to which respondent already has access. The subpoena shall be deemed modified to command attendance of an officer or employee who may have knowledge of the current and past waste generating, transporting or disposal activities at the Durez facility, with such employee or officer to be chosen, in the first instance, by petitioner. The production of said person shall be for the purpose of respondent’s public hearing, but not for the purposes of deposition.
.