■ BERNADETTE BURWELL, Respondent, v BIC CORPORATION, Also Known as BIC PEN CORPORATION, Appellant.—In a products liability action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated April 12, 1989, as granted in part the plaintiff's motion to compel certain disclosure and which denied in part the defendant's cross motion for a protective order.

Ordered that the order is modified, by deleting the provisions thereof that granted that branch of the plaintiff's motion which was to compel disclosure of reports and results of investigations arising from prior similar complaints, incidents and lawsuits, and denied that branch of the defendant's cross motion which was for a protective order with respect to reports and results of investigations arising from prior similar complaints, incidents and lawsuits, and substituting therefor provisions denying that branch of the motion and granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant's contention that the court erred in failing to adopt its proposed confidentiality order with respect to the disclosure of trade secrets is without merit. The court's language provides reasonable and adequate safeguards to prevent

the dissemination of the defendant's trade secrets *(see, Tymko v K-Mart Discount Stores,* 75 AD2d 987; *Snyder v Parke, Davis & Co.,* 56 AD2d 536; *McLaughlin v G.D. Searle, Inc.,* 38 AD2d 810). Moreover, we agree with the court's determination that the defendant's definition of a "similar claim" was unduly restrictive and improper. In addition, it was not an improvident exercise of discretion to refer the defendant's claim that the plaintiff had somehow violated a Federal court's protective order to the Federal court that had issued the order.

However, the plaintiff's request for the production of all reports and results of investigations arising out of similar prior complaints, incidents and lawsuits should have been denied as being overly broad *(see, Ganin v Janow,* 86 AD2d 857; *Rios v Donovan,* 21 AD2d 409). Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.