■ ROBERT M. WHALEN, Respondent-Appellant, v KAWASAKI MOTORS CORP., U.S.A. et al., Appellants-Respondents.— Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Defendants appeal and plaintiff cross-appeals from an order that directed discovery in a case arising out of a three-wheel all-terrain vehicle (ATV) accident. Insofar as pertinent to these appeals, the court ruled that plaintiff's interrogatories and requests to produce were, for the most part, not overbroad, unduly burdensome, or irrelevant; that plaintiff

was entitled to discover information relating to all three-wheel ATV models manufactured and sold by defendants, not only the model involved in plaintiff's accident; that documents containing trade secrets or proprietary information marked "confidential" by defendants were to be disclosed to plaintiff, who was authorized to disclose them to the court, counsel and parties in the action, parties' experts, consultants and employees, and to "counsel involved in prosecuting or defending *other* all terrain vehicles litigation", provided that such documents were not to be disclosed to competitors of defendants, and provided further that plaintiff was to return all documents marked "confidential" and all copies of such documents to defendants at the conclusion of the action; and that defendants need not provide information relating to other claims arising subsequent to the date of plaintiff's accident.

Defendants challenge plaintiff's discovery requests as largely irrelevant, overbroad, and unduly burdensome. Defendants also challenge that portion of the order directing cross-model discovery, and argue that the order does not adequately assure the confidentiality of their trade secrets. On his cross appeal, plaintiff contends that the court erred in denying his request to discover postaccident claims.

We conclude that plaintiff is entitled to certain information concerning postaccident claims and lawsuits, which are highly probative on the issue of defectiveness or dangerousness of the three-wheel ATV. Therefore, defendants are ordered to disclose records of unlitigated claims, and the title and index number of litigated claims, arising out of post-1987 accidents involving three-wheel ATVs *(see, Mott v Chesebro-Whitman Co.,* 87 AD2d 573; *Bertocci v Fiat Motors,* 76 AD2d 779, 780).

We affirm that portion of the order that ordered discovery of information about three-wheel ATV models other than the model of the accident vehicle. Plaintiff's claims are based upon the inherent instability of the accident vehicle and its susceptibility to loss of operator control, characteristics allegedly common to all three-wheel ATVs. Thus, plaintiff's attempt to obtain information concerning the design, manufacture, testing and marketing of other three-wheel models is likely to result in the discovery of information relevant to his claims *(see, Culligan v Yamaha Motor Corp.,* 110 FRD 122; *see also, Valet v American Motors,* 105 AD2d 645, 646).

Upon our review of the confidentiality provisions of the court's order, we delete the provision allowing plaintiff to disclose confidential information to counsel in other ATV

litigation. Defendants in other ATV litigation are very likely to be competitors of defendants, and thus the court's order tends to compromise the confidentiality of their proprietary information. There is no need for plaintiff to be permitted to share confidential information with anyone other than the parties, their counsel, experts and consultants, and the court (see, *Tymko v K-Mart Discount Stores,* 75 AD2d 987, *lv dismissed* 51 NY2d 708; *Snyder v Parke, Davis & Co.,* 56 AD2d 536, 536-537).

.Finally, we conclude that a Referee possessing technical expertise should be appointed to supervise disclosure in this case because of the extremely technical nature of the claims and the information sought (see, CPLR 3104 [a], [b]). Whether plaintiff's various interrogatories and requests to produce are overbroad, unduly burdensome or irrelevant, as defendants contend, should be determined by the Referee on an item by item basis. (Appeals from Order of Supreme Court, Monroe County, Galloway, J.—Discovery.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.