■ CAROLE A. SCOLLO, as Executrix of MILTON POULTNEY, Deceased, Respondent, v GOOD SAMARITAN HOSPITAL et al., Appellants, and NEWSDAY, INC., Intervenor-Respondent.—In an action to recover damages, inter alia, for wrongful death, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered April 12, 1991, as denied their separate motions for a protective order, pursuant to CPLR 3103, inter alia, barring the nonparty Newsday, Inc., from being present during the depositions of employees of the defendant Good Samaritan Hospital.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, and the nonparty Newsday, Inc., is barred from being present during the depositions of the employees of the defendant Good Samaritan Hospital.

The plaintiffs commenced the instant civil action against the defendants Good Samaritan Hospital and Richard Angelo sounding in medical malpractice. The gravamen of the action was that Angelo, an employee of the hospital, had improperly administered the drug Pavulon to patients in the hospital, including the plaintiff's decedent. Indeed, in a prior criminal action, Angelo was convicted of murder in the second degree based on these allegations.

In January 1991 the Supreme Court, Suffolk County, directed that depositions of employees of the hospital be held at the Supreme Court courthouse on February 28, 1991. Two witnesses were produced by the hospital on that date. On that same date, a reporter from Newsday, Inc. (hereinafter Newsday) appeared in the courthouse and requested permission to be present during the depositions of these two witnesses. The hospital and Angelo separately moved for a protective order, pursuant to CPLR 3103, *inter alia,* precluding Newsday from being present at these depositions. The Supreme Court denied the motions. We conclude that the Supreme Court erred in allowing Newsday to be present during these depositions. In *Matter of Westchester Rockland Newspapers v Marbach* (66 AD2d 335), this court specifically rejected a challenge to an order which, *inter alia,* barred representatives of the media from attending an examination before trial. In so holding, this court stated *(Matter of Westchester Rockland Newspapers v Marbach, supra,* at 337-338):

"Petitioner contends that the First Amendment to the United States Constitution gives the press the right to attend an examination before trial where the public interest is substantial. * * *

"We disagree. 'Freedom of the press' (US Const, 1st Amdt) does not encompass an automatic right to attend all stages of a civil litigation *(Danziger v Hearst Corp.,* 304 NY 244). Rather, the primary concern is whether the press' presence will pose a 'threat or menace to the integrity' of the proceedings *(Craig v Harney,* 331 US 367, 377). The courts are empowered to limit press and public access to court proceedings to maintain order and decorum and to protect the rights of parties and witnesses *(People v Jelke,* 308 NY 56, 63; *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370). To this end, protective orders may be issued to regulate the use of disclosure devices and 'prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' (CPLR 3103, subd [a]). * * *

"The foregoing indicates the special preserve which examinations before trial occupy. They are not 'sittings of courts' which are required to be open to the public under section 4 of the Judiciary Law. Rather, they are private matters between the parties designed to assist them in their search for the relevant issues at the upcoming trial. * * *

"It is clear, that where, as here, broad discovery has been authorized, issues irrelevant to the case and inadmissible at trial may arise. Until the admissibility of any testimony given in support of those issues is determined, no proper purpose will be served by their dissemination in advance of the trial. * * *

"Press coverage of the examinations before trial may well hinder the fair conduct of this litigation. Nor is the court unmindful of the public's 'right to know.' However, that right is not being subverted, but is merely being delayed until the trial begins" *(see also, James v Powell,* 51 Misc 2d 705, 706-707; *Cavuoto v Smith,* 108 Misc 2d 221, 222-223).

The continued vitality of this court's reasoning and holding in *Matter of Westchester Rockland Newspapers v Marbach (supra),* is evident from recent statements by the United States Supreme Court and our Court of Appeals under somewhat similar factual scenarios. Specifically, in *Seattle Times Co. v Rhinehart* (467 US 20, 33), the United States Supreme Court stated: "[P]retrial depositions are not public components of a civil trial. Such proceedings were not open to the public at common law * * * and, in general, they are conducted in private as a matter of modern practice. * * * Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action". In *Matter of Johnson Newspaper Corp. v Melino* (77 NY2d 1), the Court of Appeals adopted, with approval, the two tier-test set forth by the United States Supreme Court in *Press-Enterprise Co. v Superior Ct.* (478 US 1, 8) concerning the right of public access to civil proceedings, *viz.,* "whether the place and process have historically been open to the press and general public" and "whether public access plays a significant positive role in the functioning of the particular process in question".

Viewed within these guidelines, it is clear that Newsday is not entitled to be present at the depositions of the hospital's employees and the defendants' motions for a protective order should have been granted to the extent indicated. Mangano, P. J., Kooper, Sullivan and Harwood, JJ., concur.