OPINION OF THE COURT
Judith J. Gische, J.
Defendant moves for a protective order pursuant to CPLR *303 3103 (a) to prevent plaintiff from taking a videotaped deposition or, alternatively, barring the dissemination of any videotape to anyone other than "court officers” and counsel working on this case.
The motion arises out of an action for attorney’s fees. Defendant is a model and spokesperson. Customarily referred to as "Fabio”, defendant styles himself a celebrity of international proportion. He has appeared on numerous magazine covers and has been featured on "Hard Copy”, "Life Styles of the Rich and Famous” and "A Current Affair”.
Defendant claims that his likeness on videotape is a trade secret because it is his stock in trade and a valuable commodity worth more than the underlying action. He claims that plaintiffs intend to sell the videotape of his deposition for airing on "Hard Copy” or "A Current Affair”. Mr. Lanzoni argues that a sale of the videotaped deposition would prejudice him by damaging his celebrity status and result in an improper financial windfall to plaintiffs.
DISCUSSION
CPLR 3113 (b) and 22 NYCRR 202.12 and 202.15 freely permit a party taking a deposition to record it on videotape. There is no requirement to show special need and videotaping may be employed over the objections of a bashful or reluctant witness. (Roche v Udell, 155 Misc 2d 329 [Sup Ct, Nassau County 1992].) These relatively recent discovery provisions reflect a recognition by the Legislature of the beneficial effect new technologies can have on traditional litigation practices and procedures.
Like all discovery devices, however, the use of a videotaped deposition is still subject to the limitations of an order of protection to prevent abuse. CPLR 3103 (a) provides in pertinent part: "The court may at any time on its own initiative, or on motion of any party or [witness] * * * make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.”
The burden of proving entitlement to an order of protection rests with the party seeking it. (Viruet v City of New York, 97 AD2d 435 [2d Dept 1983].) Discovery which is confidential in nature or subject to abuse if widely disseminated may be subject to judicial safeguards. Those safeguards may include *304 barring the dissemination of the information to anyone other than counsel working on the case and court officers. (Tymko v K-Mart Discount Stores, 75 AD2d 987 [4th Dept 1980]; Snyder v Parke, Davis & Co., 56 AD2d 536 [1st Dept 1977]; McLaughlin v G. D. Searle, Inc., 38 AD2d 810 [1st Dept 1972].) Such safeguards traditionally have been applied to trade secrets or other confidential information.
Mr. Lanzoni principally argues that he is entitled to an order of protection because his likeness is a trade secret. In the seminal case of Ashland Mgt. v Janien (82 NY2d 395 [1993]) the Court of Appeals extensively discussed what constitutes a trade secret. A trade secret is a formula, pattern, device or compilation of information which is used in one’s business and which gives the user an opportunity to obtain an advantage over competitors who do not know or use it. Trade secrets generally pertain to customer lists or information related to manufacturing or business operation. It is paramount that the trade secret actually be a secret. (Ashland Mgt. v Janien, supra; Ronald W. Freeman, P. C. v Li Zhu, 209 AD2d 213 [1st Dept 1994].)
Mr. Lanzoni makes his living from placing his likeness into the public arena. He cannot legitimately argue that his likeness is a trade secret or otherwise confidential.
In Snyder v Parke, Davis & Co. (supra), the Appellate Division, First Department, left open the possibility that judicial safeguards could be employed to protect material other than trade secrets if wide dissemination of the discovery was subject to abuse. This court recognizes that depositions are not a public component of a civil trial. They are conducted in private, with no right of the public to be present without permission of the parties. (Scollo v Good Samaritan Hosp., 175 AD2d 278 [2d Dept 1991].) Adequate reason exists to exclude the public from depositions because our broad discovery rules permit inquiry into matters that may be irrelevant and/or inadmissible at trial. (Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335 [2d Dept 1979].) The private nature of a deposition has been used as a basis to exclude the press from the deposition room. The press has no First Amendment right to be present at a deposition. For the same reasons, the court may prohibit the parties from distributing a deposition transcript to the press or news media. (Scollo v Good Samaritan Hosp., supra; Matter of Westchester Rockland Newspapers v Marbach, supra.)
*305 While the court clearly has the authority to prohibit plaintiffs from distributing any videotape or transcript of a deposition to the media press, the remaining question is whether defendant has made an adequate showing on this motion to warrant such relief. In the reported decisions concerning orders of protection prohibiting dissemination of discovery materials to the press there was clear evidence that the press had an actual interest in obtaining the materials. (Scollo v Good Samaritan Hosp., supra; Matter of Westchester Rockland Newspapers v Marbach, supra.) Defendant’s motion is supported only by an attorney’s affirmation. It relies solely upon the defendant’s celebrity status as the basis for such an order. There is not a scintilla of evidence in this record that the plaintiffs actually intend to sell the tape to the media. The fact that defendant is a celebrity does not, in itself, automatically entitle him to an order of protection. At a minimum defendant should show the court that there is an actual risk that the discovery materials will be widely disseminated to the public. This he has failed to do.
Accordingly the motion is denied. This is without prejudice to renewal if defendant can demonstrate that the deposition transcript and videotape will actually be disseminated to the media.