■ SALVATORE A. GALIOTO, Respondent, v SEARS, ROEBUCK & COMPANY et al., Appellants. [691 NYS2d 838] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured while using a hammer purchased from defendant Sears, Roebuck & Company and manufactured by defendant Vaughan & Bushnell Mfg. Co. (Vaughan & Bushnell). A metal fragment broke away from the head of the hammer, piercing the abdomen of plaintiff and lodging in his liver. Plaintiff commenced this action alleging causes of action for negligence, products liability and breach of warranty. Defendants appeal from an order granting plaintiff's motion to compel defendants to produce documents sought in paragraphs 2, 3, 4, 5, 8 and 12 of plaintiff's second notice for discovery and inspection (notice). Discovery of other claims against defendants should be limited to claims similar in nature to those asserted by plaintiff (*see, Mestman v Ariens Co.*, 135 AD2d 516, 517; *Johantgen v Hobart Mfg. Co.*, 64 AD2d 858, 859). We therefore modify the order by limiting paragraphs 2 and 3 of the notice to entries in Vaughan & Bushnell's log of claims and files of closed claims involving personal injury as a result of chipping or breaking of hammer heads.

Although discovery need not be limited to prior claims involving the size and type of hammer used by plaintiff, we further modify the order by limiting paragraphs 3, 4 and 5 of the notice to claims asserted from 1984 to the present and by providing that, to the extent that files of closed claims to be produced under paragraph 3 contain privileged material, defendants must give notice thereof in compliance with CPLR 3122 (b).

Although discovery of similar litigation is appropriate, we further modify the order by limiting the information required to be provided under paragraphs 5 and 12 of the notice to captions and index numbers (*see, Whalen v Kawasaki Motors Corp.*, 175 AD2d 667; *Williamsville Cent. School Dist. v Cannon Partnership*, 162 AD2d 965). Finally, we note that, in order to

satisfy their obligation under paragraph 8, defendants need submit only a statement under oath by one with firsthand knowledge that no file on warning labels exists. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Discovery.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.