| |
| :---: |
| **Matter of Radio Drama Network, Inc.** |
| 2024 NY Slip Op 30699(U) |
| March 4, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2010-2056/A |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
In the Matter of the Application of Radio Drama Network, Inc.
Seeking Relief Regarding the Himan Brown Revocable Trust,
Created By

         HIMAN BROWN,

                   Grantor.
-----------------------------------------------------------------------x

DECISION and ORDER
File No. 2010-2056/A

New York County Surrogate's Court
DATA ENTRY DEPT.

MAR 0 4 2024

M E L L A, S.:

      The following submissions were considered in deciding these ten discovery-related motions:

| Papers Considered | Numbered |
|---|---|
| **Motion #1** | |
| Notice of Motion by Richard L. Kay to Quash or Modify Subpoena Duces Tecum and For a Protective Order, dated September 20, 2019 | 1 |
| Affidavit of Gary B. Freidman, dated September 20, 2019, in Support of Motion to Quash or Modify Subpoena Duces Tecum and for a Protective Order, with Exhibits | 2 |
| Affirmation of Judith M. Wallace, dated November 1, 2019, in Opposition to Motion by Richard L. Kay to Quash Petitioner Radio Drama Network, Inc.'s Subpoena on Pryor Cashman LLP, with Exhibits | 3 |
| Petitioner Radio Drama Network, Inc.'s Memorandum of Law in Opposition to Motion by Richard L. Kay to Quash Petitioner's Subpoena on Pryor Cashman LLP, dated November 1, 2019 | 4 |
| Affidavit of Gary B. Freidman, dated November 15, 2019, in Further Support of Motion to Quash or Modify Subpoena and for a Protective Order and in Opposition to Motion to Compel Production, with Exhibits | 5 |
| Memorandum of Law in Further Support of Motion to Quash or Modify Subpoena and for a Protective Order, and in Opposition to Motion to Compel Production, dated November 15, 2019 | 6 |
| **Motion #2** | |
| Petitioner Radio Drama Network's Notice of Motion to Compel Discovery, dated November 1, 2019 | 7 |

[* 1]

Affirmation of Judith M. Wallace, Esq., in Support of Motion by
Radio Drama Network to Compel Production by Richard L. Kay and
Pryor Cashman, dated November 1, 2019, with Exhibits                                    8

Petitioner Radio Drama Network, Inc.'s Memorandum of Law in Support of its
Motion to Compel Pryor Cashman to Comply with Radio Drama Network's
Subpoena and to Compel Richard L. Kay to Respond to Radio Drama Network's
Document Demands, dated November 1, 2019                                                9

Memorandum of Law in Further Support of Motion to Quash or Modify
Subpoena and for a Protective Order, and in Opposition to Motion to
Compel Production, dated November 15, 2019                                             10

Reply Affirmation of Judith M. Wallace, Esq., dated November 20, 2019, in
Further Support of Motion by RDN to Compel Production by Richard L. Kay and
Pryor Cashman LLP, with Exhibits                                                       11

Petitioner Radio Drama Network, Inc.'s Reply Memorandum of Law in Further
Support of its Motion to Compel Pryor Cashman LLP to Comply with Radio
Drama Network's Subpoena and to Compel Respondent Richard L. Kay to
Respond to Radio Drama Network's Document Demands, dated November 21, 2019             12

Affirmation of Judith M. Wallace, Esq., dated July 7, 2020, in Support of
Application to File Sur-Reply in Further Support of Motion to Compel and in
Opposition to Motion to Quash                                                          13

Petitioner's Memorandum of Law in Support of Motion to File Sur-Reply in
Further Support of RDN's Motions to Compel Document Production by Richard L. Kay
and Pryor Cashman LLP, in Further Opposition to Kay's Motion to Quash and for an
Award of Sanctions and Attorneys' Fees, dated January 27, 2021                         14

Affirmation of Judith M. Wallace, Esq., dated January 27, 2021, in Support of
Application to File Sur-Reply in Further Support of Motion to Compel and in
Opposition to Motion to Quash, and in Support of Motion for Sanctions and
Attorneys' Fees, with Exhibits                                                         15

Affirmation of Jeffery H. Sheetz, Esq., dated July 22, 2022, in Opposition to
Motions to Compel and for Sanctions and Other Relief, and for Leave to File
Sur-Reply, with Exhibits                                                               16

Memorandum of Law in Opposition to Motions to Compel and for Sanctions and
Other Relief, and for Leave to File Sur-Reply, dated July 22, 2022                     17

2

Reply Affirmation of Judith Wallace, dated August 15, 2022, in Further Support of Radio Drama Network's Motions for Sur-Reply in Support of Its Motion to Compel Document Production by Richard L. Kay and Pryor Cashman and for Sanctions, with Exhibits     18

Motion #3
Two Notices of Motion, both dated May 23, 2022, first to Compel Richard L. Kay to Complete his Deposition and second for sanctions     19, 20

Affirmation of Judith M. Wallace, Esq. in Support of Motion by Radio Drama Network to Compel and for Sanctions Against Richard L. Kay, with Exhibits, dated May 20, 2022     21

Petitioner's Memorandum of Law in Support of Motions to Compel Deposition Testimony by Richard L. Kay and Seeking Sanctions and Costs for Obstruction of Discovery, dated July 22, 2022     22

Affirmation of Alexander G. Malyshev, Esq., dated May 20, 2022 in Support of Motion by Radio Drama Network to Compel and for Sanctions Against Richard L. Kay, with Exhibits     23

Affidavit of Melina Brown, dated May 18, 2022, in Support of Motion to Compel, with Exhibit A     24

Affirmation of Jeffery H. Sheetz, Esq., dated July 22, 2022, in Opposition to Motions to Compel and for Sanctions and Other Relief, and for Leave to File Sur-Reply, with Exhibits     25

Memorandum of Law in Opposition to Motions to Compel and for Sanctions and Other Relief, and for Leave to File Sur-Reply, dated July 22, 2022     26

Petitioner's Omnibus Reply Memorandum of Law in Support of Its Motions to Submit a Sur-Reply, to Compel Kay's Deposition Testimony, and For Discovery Sanctions, dated August 15, 2022     27

Reply Affirmation of Judith Wallace, Esq., dated August 15, 2022, in Further Support of RDN's motions to Compel Deposition Testimony by Richard L. Kay and for Sanctions, with Exhibits     28

Motion #4
Notice of Motion dated July 26, 2023, seeking Pryor Cashman to comply with Petitioner's Supplemental Document Demands dated April 26, 2023     29

[* 3]

Affirmation of Judith Wallace, Esq., dated July 26, 2023, in Support of
Motion to Compel Pryor Cashman to Comply with Radio Drama Network's
Supplemental Document Demands, with Exhibits    30

Petitioner's Memorandum of Law in Support of Motion to Compel Pryor
Cashman to Comply with Radio Drama Network's Supplemental
Document Demands, dated July 26, 2023    31

Affirmation of Michael B. Kramer, Esq., dated August 25, 2023, in Opposition
to the Motion to Compel Pryor Cashman to Comply with Radio Drama Network's
Supplemental Document Demands, with Exhibits    32

Petitioner's Reply Memorandum of Law in Further Support of Motion to
Compel Pryor Cashman LLP to Comply with Radio Drama Network's Supplemental
Document Demands, dated August 30, 2023    33

Affirmation of Judith M. Wallace, Esq., dated August 30, 2023, in Further
Support of Motion to Compel Pryor Cashman to Comply with Radio Drama
Network's Supplemental Document Demands, with Exhibits    34

Motion #5
Notice of Motion, dated October 19, 2023, Seeking an Order Narrowing the
Scope of Depositions of Ann Kay and Karen Kay and for related relief    35

Affidavit of David Sillers, dated October 18, 2023, with Exhibits    36

Memorandum of Law in Support of Motion for Protective Order, dated October 19, 2023  37

Petitioner's Memorandum of Law in Opposition to Motion of Karen Kay and
Ann Kay for Protective Order, dated November 10, 2023    38

Affirmation of Alexander G. Malyshev, Esq., dated November 10, 2023, in
Opposition to Motion for Protective Order, with Exhibits    39

Reply Memorandum of Law in Support of Motion for Protective Order,
dated November 16, 2023    40

Motion #6
Notice of Motion for a Protective Order pursuant to CPLR 3103 with respect to
the Deposition Notice Issued to Barrie Sansted (nee Brown) on July 25, 2022,
dated November 14, 2022    41

Affirmation of Alexander G. Malyshev, Esq., dated November 14, 2022,
in Support, with Exhibits    42

4

Affirmation of David F. Lisner, Esq., dated February 5, 2024, in Opposition to Petitioner's Motion for a Protective Order Pursuant to CPLR 3103 with Respect to Deposition Notice Issued to Barrie Sansted, with Exhibits 43

Respondent Richard Kay's Memorandum of Law in Opposition to Petitioner's Motion for a Protective Order Pursuant to CPLR 3103 with Respect to the Deposition Notice Issued to Barrie Sansted, dated February 5, 2024 44

Reply Affirmation of Judith M. Wallace, dated February 13, 2024, in Further Support of Motion for a Protective Order and to Quash Notice of Deposition of Barrie Brown, with Exhibits 45

Radio Drama Network's Reply Memorandum of Law in Further Support of Motion for Protective Order and to Quash the Notice of Deposition of Barrie Brown, dated February 13, 2024 46

Motion #7
Notice of Motion, dated November 10, 2023, for an Order to Quash Subpoena Directed to Barrie Brown and for a Protective Order with Respect to the Subpoena 47

Affirmation of Judith M. Wallace, Esq., dated November 10, 2023, in Support of Motion on Behalf of Barrie Brown to Quash a Subpoena and for Protective Order, with Exhibits 48

Memorandum of Law on Behalf of Barrie Brown in Support of Motion to Quash a Subpoena and for Protective Order, dated November 10, 2023 49

Affirmation of Michael B. Kramer, Esq., dated November 21, 2023, in Opposition to Motion to Quash and for Protective Order and in Support of Cross-Motion to Compel, with Exhibits 50

Memorandum of Law of Respondent Richard L. Kay in Opposition to the Motion of Barrie Brown to Quash Subpoena ad Testificandum and Duces Tecum and for a Protective Order and in Support of Petitioner's Cross-Motion to Compel, dated November 21, 2023 51

Respondent Richard Kay's Memorandum of Law in Opposition to Petitioner's Motion for a Protective Order Pursuant to CPLR 3103 with Respect to the Deposition Notice Issued to Barrie Sansted, dated February 5, 2024 52

Memorandum of Law of Barrie Brown in (1) Further Support of her Motion to Quash Subpoena Ad Testificandum and Duces Tecum, and for a Protective Order, and (2) in Opposition to Richard L. Kay's Motion to Compel, dated November 27, 2023 53

[* 5]

Motion #8
Notice of Cross-Motion, dated November 21, 2023, Compelling the Deposition
of Barrie Brown and Production of Documents Responsive to Subpoena          54

Affirmation of Michael B. Kramer, Esq., dated November 21, 2023, in Opposition to
Motion to Quash and for Protective Order and in Support of Cross-Motion to Compel,
with Exhibits          55

Memorandum of Law of Respondent Richard L. Kay in Opposition to the Motion of
Barrie Brown to Quash Subpoena ad Testificandum and Duces Tecum and for a
Protective Order and in Support of Petitioner's Cross-Motion to Compel, dated
November 21, 2023          56

Memorandum of Law of Barrie Brown in (1) Further Support of her Motion to Quash
Subpoena Ad Testificandum and Duces Tecum, and for a Protective Order, and
(2) in Opposition to Richard L. Kay's Motion to Compel, dated November 27, 2023          57

Reply Memorandum of Law of Respondent Richard L. Kay,
dated November 29, 2023, in Support of Cross-Motion to Compel          58

Motion #9
Notice of Motion of Radio Drama Network, dated December 18, 2023, for an Order
Enjoining Richard L. Kay and his Counsel from Interference with Discovery of
Matthew Forman, and for Sanctions and an Adverse Inference Charge          59

Petitioner's Memorandum of Law in Support of Motion to Enjoin Respondent
Richard Kay and His Counsel from Improper Interference with Discovery From
Third-Party Witness Matthew Forman Pursuant to Subpoena, for Sanctions, and for
Order Authorizing Further Discovery from Forman, dated December 18, 2023          60

Affirmation of Judith Wallace, Esq., dated December 18, 2023, in Support of
Motion to Enjoin Kay from Interference with Forman Discovery, for Sanctions,
and for Order Authorizing Further Discovery from Forman, with Exhibits          61

Respondent Richard Kay's Memorandum of Law in Opposition to Petitioner's
Motion to Enjoin Respondent and his Counsel from Interference with Discovery
from Third-Party Witness Matthew Forman, for Sanctions, and for Order
Authorizing Further Discovery from Forman; and in Support of Respondent's
Cross-Motion for Entry of a Confidentiality Order, dated January 30, 2024          62

Affirmation of Judith Wallace, Esq., dated February 5, 2024, in Further Support of
Motion to Enjoin Kay from Interference with Forman Discovery, for Sanctions,
and for Order Authorizing Further Discovery from Forman and in Opposition to

Cross-Motion for Confidentiality Order                                                    63

Petitioner's Reply Memorandum of Law in Further Support of Motion to
Enjoin Respondent Richard Kay and his Counsel from Improper Interference
with Discovery from Third-Party Witness Matthew Forman Pursuant to
Subpoena, for Sanctions, and for Order Authorizing Further Discovery from
Forman and in Opposition to Kay's Cross-Motion for a Confidentiality Order,
dated February 5, 2024                                                                     64

Motion #10
Notice of Cross-Motion for the entry of an Order for the Production and
Exchange of Confidential Information, dated January 30, 2024                               65

Affirmation of David F. Lisner, dated January 30, 2024, in Opposition to
Petitioner's Motion to Enjoin Respondent and His Counsel from Interference in
Discovery and in Support of Respondent's Cross-Motion for Entry of a
Confidentiality Order, with Exhibits                                                       66

Respondent Richard Kay's Memorandum of Law in Opposition to Petitioner's
Motion to Enjoin Respondent and his Counsel from Interference with Discovery
from Third-Party Witness Matthew Forman, for Sanctions, and for Order
Authorizing Further Discovery from Forman; and in Support of Respondent's
Cross-Motion for Entry of a Confidentiality Order, dated January 30, 2024                  67

Petitioner's Reply Memorandum of Law in Further Support of Motion to
Enjoin Respondent Richard Kay and his Counsel from Improper Interference
with Discovery from Third-Party Witness Matthew Forman Pursuant to Subpoena,
For Sanctions, and for Order Authorizing Further Discovery from Forman and in
Opposition to Kay's Cross-Motion for a Confidentiality Order, dated February 5, 2024    68

On February 20, 2024, the court heard oral argument and determined ten discovery motions pending in this heavily litigated estate. Familiarity with the facts and procedural background are presumed at this time, having been described in various decisions issued by the court, including one determining a pre-answer motion to dismiss the instant petition of Radio Drama Network, Inc. (RDN or Petitioner), which seeks, inter alia, to invalidate certain provisions of instruments amending or restating the Revocable Trust established by Grantor Himan Brown in 2002 (Revocable Trust) (*Matter of Brown*, NYLJ, July 23, 2019, at 22 col 3 [Sur Ct, NY

County]).[1] Additional facts are found in a decision addressing a discovery motion regarding the deposition of a nonparty (*see Matter of Brown*, NYLJ, Sept 23, 2022, at 17, col 1 [Sur Ct, NY County], *rev'd sub nom. Matter of Radio Drama Network, Inc.*, 214 AD3d 461 [1st Dept 2023]).

## Motion #1 – Richard L. Kay's Motion to Quash or Modify Subpoena Duces Tecum and For a Protective Order

## Motion #2 - RDN's Motion to Compel Discovery from Richard Kay and Pryor Cashman LLP

Concerning the discovery demands dated September 4, 2019, and served by RDN on Mr. Kay, as well as concerning the items of discovery sought in the subpoena dated August 20, 2019, served on Pryor Cashman by RDN, the court, recognizing the guidance provided by the decision of the Appellate Division, First Department, dated March 9, 2023, reversing a prior decision of this court (*Matter of Radio Drama Network, Inc.*, 214 AD3d 461 [1st Dept 2023]), directed that:

A) Mr. Kay and Pryor Cashman need not comply with Items or Demands ## 25, 28, 29, 30 through 32 and 34 because they seek evidence that is not relevant to any of the remaining claims or defenses in this proceeding;

B) Mr. Kay and Pryor Cashman need not comply with Items or Demands ## 19, 22 and 35 because they are overbroad (Demand #35 applies only to the Demands served on Mr. Kay and not to the subpoena served on Pryor Cashman);

C) Mr. Kay and Pryor Cashman must fully comply with Items or Demands ## 5, 6, 7 and 8, which relate to Radio Drama Network's documents, and must also fully comply with Demands ## 20 and 23;

D) Mr. Kay and Pryor Cashman must comply with Items or Demands ## 10 through 15, 21, 26, 27 and 33, but in the exercise of the court's discretion to regulate discovery (*Duracell Intl. v American Employers' Ins. Co.*, 187 AD2d 278 [1st Dept 1992]), production should be limited to the period from November 20, 1999 to June 4, 2010, which is Himan Brown's date of death; and

---

[1] Radio Drama Network, Inc., is a charitable corporation established by Himan Brown in 1984. It was the original remainder beneficiary of the Revocable Trust. Respondent in this proceeding, Richard L. Kay, was the long-time lawyer of Himan Brown, held a position as a director of Radio Drama Network, and is Trustee of the Revocable Trust, as well as of the Charitable Trust which is the remainder beneficiary of the amended and restated Revocable Trust here.

E) Mr. Kay and Pryor Cashman must comply with Items or Demands ## 1 through 4, 9, 16 through 18, and 24, but in the exercise of the court's discretion to regulate discovery, production should be limited to the period from November 20, 1999 to November 30, 2015 (the month before this proceeding was commenced).

The court directed that these documents be produced no later than April 12, 2024. Further, if Mr. Kay or Pryor Cashman claim that they have already complied with a particular demand, the court directed that they provide to RDN's counsel, no later than April 12, 2024, an affidavit indicating their compliance and stating the date in which they complied with such demand. In addition, the court ordered that should Mr. Kay or Pryor Cashman claim that there are no documents in their possession or under their control that are responsive to a particular demand, they must provide to RDN's counsel, no later than April 12, 2024, an affidavit indicating that, notwithstanding a thorough search in places where these documents are usually found, they were unable to find any such document and that no document responsive to such demand was disposed of or destroyed.

RDN's motion for the imposition of sanctions was denied.

Motion #3 – RDN's Motion to Compel Richard L. Kay to Complete his Deposition and for Sanctions

The court granted the motion of RDN for a continued deposition of Mr. Kay and directed him to appear for the same no later than May 3, 2024. Regarding the scope of questions, the court again recognized the holding of the First Department's March 9, 2023 decision, and directed Mr. Kay to answer questions pertaining to his actions or events, including his actions as Trustee of the Charitable Trust and his administration of that Trust until the present. Additionally, the court granted this motion to the extent of directing Mr. Kay not to limit the

9

questions asked of Alan Laufer during his continued deposition, if one is taken. RDN's request for sanctions was denied.

The parties were reminded that depositions conducted in New York are governed by State laws and rules, including the rules for the conduct of depositions found in Part 221 of the Uniform Rules for Trial Courts.

Motion #4 - Motion of RDN to compel production from Pryor Cashman

The court determined this motion by directing that, no later than April 12, 2024, Pryor Cashman must comply with the following supplemental demands included in the April 26, 2023 letter of RDN counsel Judith Wallace to Michael Kramer, counsel to Richard Kay:

A) Indexes of Records for Himan Brown Client Number 70204 prepared by any employee or member of Pryor Cashman at the time that documents were sent to the Records Department;

B) Lists of the contents of Himan Brown's estate planning file prepared by any employee or member of Pryor Cashman even if the file was not sent to the Records Department;

C) Emails to and from Charles Skaar concerning the preparation of lists or indexes for the Himan Brown estate file; and

D) Documents and communications concerning the sorting and removal of materials from RDN's client file.

The court held that Pryor Cashman need not comply with the demand to produce a spreadsheet of all its active litigation holds. Further, the court directed that if Pryor Cashman claims that there are no documents in their possession or under their control that are responsive to any of these supplemental demands, it must provide to RDN's counsel, no later than April 12, 2024, an affidavit indicating that, notwithstanding a thorough search in places where these documents are usually found, they were unable to find any such document.

10

[* 10]

Motion #5 – Motion by Non-Parties Ann Kay and Karen Kay for a Protective Order and a Confidentiality Order

The motion by non-parties Ann Kay and Karen Kay, the daughters-in-law of Richard Kay, and employees of the Charitable Trust for a protective order limiting the scope of RDN's deposition subpoena and for a Confidentiality Order was granted by the court, only to the following extent:

A) the depositions of Ann Kay and Karen Kay shall each last no longer than four hours; and

B) The parties are directed not to disclose to third parties or the public the following information:

1) Birth dates, Social Security Numbers, bank accounts numbers and balances, financial account numbers and balances of Ann Kay, Karen Kay, their spouses and their children; and

2) Personal information about Mr. Kay's grandchildren's medical, personal and academic records, including their grades and applications for admission to any academic institution (*see McLaughlin v G.D. Searle, Inc.*, 38 AD2d 810, 811 [1st Dept 1972] [material confidential in nature or information subject to abuse if widely disseminated shall be accorded judicial safeguards where possible]).

Motion #6 - Motion for a Protective Order pursuant to CPLR 3103 with Respect to the Deposition Notice Issued to Barrie Sansted (nee Brown) on July 25, 2022

Motion #7 – Barrie Brown's Motion for an Order to Quash Subpoena Directed to Barrie Brown and for a Protective Order with Respect to the Subpoena

Motion #8 – Richard Kay's Cross-Motion Compelling the Deposition of Barrie Brown and Production of Documents Responsive to Subpoena

Motions ## 6, 7, and 8 all relate to discovery from Barrie Sansted (nee Brown), one of the grandchildren of Himan Brown, and a Director of RDN. The court granted Motion #6, for a protective order, to the extent of directing that Barrie Brown need not appear for a deposition in her capacity as a director of RDN. Mr. Kay has not shown that the corporate representatives

11

[* 11]

designated by RDN who were already deposed (Melina Brown, as well as Eli Kopelman) had insufficient knowledge or were otherwise inadequate witnesses (CPLR 3106[d]; *Giordano v New Rochelle Mun. Hous. Auth.*, 84 AD3d 729 [2d Dept 2011]).

As to Motion #7, the court denied Barrie Brown's request that the subpoena served on her be quashed, and directed her to appear for a deposition on a date agreed to by the parties. However, the court did issue a protective order with respect to some of the document requests included in the subpoena. First, the court concluded that Ms. Brown does not need to produce documents responsive to Requests ##1 through 5, because those documents are not relevant to any of the claims or defenses in this proceeding. Second, the court directed that Ms. Brown does not need to produce documents responsive to Request #8 because the request is overbroad. Third, the court directed Ms. Brown to comply no later than April 12, 2024, with Requests ##6, 7, and 9 through 13. With respect to Requests ##10, 11, 12, and 13, the court determined that production should be limited to documents produced or dated from 2003 to June 2010. In addition, the court directed that Requests ##10 and 11 should be limited to communications between Barrie Brown and Himan Brown.

The court further directed that if Ms. Brown claims that some of the communications sought to be produced are privileged, she must produce a privilege log, pursuant to CPLR 3122(b). Finally, the court denied Ms. Brown's request for the imposition of costs and attorneys fees.

Consistent with the resolution of Motions ##6 and 7, the court granted in part and denied in part Motion #8.

<u>Motion #9 - Motion of RDN for an Order Enjoining Richard L. Kay and his Counsel from Interference with the Deposition of Matthew Forman, and for Sanctions and an Adverse Inference Charge</u>

The court next granted RDN's motion to enjoin Mr. Kay from interfering with the deposition of Matthew Forman, to the following extent:

A) RDN is allowed to continue the deposition of Mr. Forman but the deposition shall be limited to four hours and shall be further limited to the topics that Mr. Forman refused to answer based on his obligations under the March 1, 2018 Non-Disclosure Agreement between the Charitable Trust and Mr. Forman and Miami Philanthropic Consulting, Inc. (the NDA), including questions concerning the NDA, the consulting agreement, and the circumstances giving rise to each of those agreements;

B) Mr. Kay shall not rely on the NDA to object to the questions posed to Mr. Forman during the continued deposition. Nor may Mr. Kay interfere with Mr. Forman's compliance with the RDN subpoena; and

C) RDN's request for sanctions is denied at this time, without prejudice to renewal should Mr. Kay interfere with the continued deposition of Mr. Forman.

<u>Motion #10 - Cross-Motion by Richard Kay for the Issuance of a Confidentiality Order</u>

The final motion before the court, Mr. Kay's cross-motion for the issuance of a confidentiality order, in the form proposed by him, was denied. The court found that the conclusory statements in the Memorandum of Law by Mr. Kay's counsel concerning RDN's potential dissemination of information produced in discovery coupled with the vague description of the information that could be designated as confidential (*i.e.*, "sensitive personal information") in Mr. Kay's proposed order failed to provide a basis for the court to exercise its discretion in favor of such order.

Exercising its own discretion and authority to regulate discovery, however, the court directed the parties not to disclose to third parties or the public the categories of information described as "confidential information" on Ms. Wallace's January 29, 2024 email to Drew Dean

13

(email sent at 3:45 p.m.) as well as the balances of any bank account or financial or investment account and any personal information about Mr. Kay's grandchildren's medical, personal and academic records, including their grades and applications for admission to any academic institution. The parties shall enter into a confidentiality agreement reflecting this direction.

The court noted that this determination fully resolved all pending motions in this proceeding and indicated that, to the extent not expressly addressed on the record and contained herein, any other relief sought in any motion is denied.

This decision, together with the transcript of the February 20, 2024 proceedings, constitutes the order of the court.

Clerk to notify.

Dated: March **4**, 2024

_____
SURROGATE

[* 14]