■ ANONYMOUS, Appellant, v ANONYMOUS, Respondent. FOURTH WALL REPERTORY COMPANY, INC., et al., Appellants.—

The Supreme Court appropriately exercised its discretion in declining to grant plaintiff's request to exclude all persons except the parties, their counsel and witnesses from the hearing in the instant custody dispute. Public access to court proceedings is strongly favored, both as a matter of constitutional law *(Richmond Newspapers v Virginia,* 448 US 555) and as statutory imperative (Judiciary Law § 4). In that regard, plaintiff has not established sufficient grounds to warrant closing the court in the present instance. The unsupported speculation by her counsel as to the deleterious effect that media coverage might have on the child is simply inadequate to overcome the strong presumption that court proceedings be open to the public. There is also no merit to plaintiff's contention that the child's right to equal protection is violated since his custody is being determined in the Supreme Court rather than the Family Court. Under existing law, there is no significant distinction between the protection from improper media coverage afforded the subject of a custody dispute in Family Court and in the Supreme Court *(see,* Uniform Rules for Trial Cts, 22 NYCRR 205.4). However, we believe that the long-term interests of the child would be better served by changing the title and caption of this proceeding to reflect anonymous or fictitious names, and therefore, plaintiff's application should have been granted only as to this portion of the motion. We have considered plaintiff's other arguments and find them to be without merit. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.