■ NEW YORK STATE ELECTRIC AND GAS CORPORATION, Respondent, v LEXINGTON INSURANCE COMPANY et al., Respondents. WESTINGHOUSE ELECTRIC CORPORATION, Nonparty Appellant.—Order of the Supreme Court, New York County (Beverly Cohen, J.), entered on December 20, 1989, which, *inter alia,* granted the motion of defendant Lexington Insurance Company and cross motions of plaintiff New York State Electric and Gas Corporation and the respective defendants to compel discovery and inspection of certain documents and items in the custody and possession of nonparty Westinghouse Electric Corporation, is unanimously affirmed, with costs and disbursements.

The scope of disclosure as to a nonparty, such as Westinghouse herein, is governed by CPLR 3101 (a), which provides, in pertinent part, that

"[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of burden of proof, by * * *

"(4) any other person [nonparty], upon notice stating the circumstances or reasons such disclosure is sought or required".

This provision has been liberally construed to give effect to the strong policy favoring full disclosure to adequately prepare for trial *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; *Slabakis v Drizin,* 107 AD2d 45; *Johnson v National R. R. Passenger Corp.,* 83 AD2d 916).

Upon review of the record, we find that the movants satisfied the requirements for nonparty discovery by establishing the relevance, materiality and necessity of the documents and items demanded from nonparty Westinghouse to the pending litigation. Specifically, plaintiff sought to recover from its insurers, defendants herein, for damages it sustained as a result of problems experienced with a hydrogen-cooled turbine generator on its property; equipment designed, sold, delivered,

installed, inspected, maintained, serviced and tested by non-party Westinghouse Electric Corporation *(Desai v Blue Shield,* 128 AD2d 1021). Finally, the conclusory statements by Westinghouse's counsel in opposition to the respective motions to compel disclosure that the information sought constitutes trade secrets does not establish Westinghouse's entitlement to a confidentiality order. In that connection, the burden of proving that an item should not be produced during discovery is placed upon the party seeking to avoid such discovery *(Koump v Smith,* 25 NY2d 287; *Crazytown Furniture v Brooklyn Union Gas Co.,* 145 AD2d 402; *Rooney v Hunter,* 26 AD2d 891). Concur—Kupferman, J. P., Milonas, Asch, Kassal and Smith, JJ.