OPINION OF THE COURT
Lewis R. Friedman, J.
This case presents an important question: When should a protective order be available to limit the use of videotaped depositions in matrimonial cases? The court holds that the burden is on the party seeking disclosure and that the burden is not met in this case.
This is a heavily litigated divorce case, which involves custody and financial matters. The financial deposition of defendant (Husband) was scheduled for October 23 and 24, 1995. Wife’s counsel served Husband with notice, pursuant to 22 NYCRR 202.15 (c), that the deposition would be videotaped. Wife’s counsel’s notice also stated that ABC News would like to cover the deposition as part of a "feature story”. Counsel advised that ABC would not be present without Husband’s consent. Husband strenuously objected to any audio-visual coverage of the deposition and brought this motion to enjoin the dissemination of the video or audio tapes or the transcript of the deposition. Both parties appear to have conceded that audio-visual recording of a deposition does not require the showing of special circumstances (22 NYCRR 202.15; Roche v Ubell, 155 Misc 2d 329, 335 [Sup Ct, Nassau County 1992]; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3113.07). By interim order the court directed the deposition to proceed and enjoined all parties from disclosing the material to anyone pending this decision. The press was not to be present at the deposition. Subsequent to the deposition both sides made additional submissions to the court. Husband alleges that since he is a public official, Wife has been using the threat of disclosure to pressure a settlement of the case. Wife’s opposition appears to rely on First Amendment grounds.
*819 The Court of Appeals has concluded that the appropriate constitutional test of whether a proceeding should be open to the press is two pronged: " 'whether the place and process have historically been open to the press and general public’ ” and " 'whether public access plays a significant positive role in the functioning of the particular process in question’ ” (Matter of Johnson Newspaper Corp. v Melino, 77 NY2d 1, 5 [1990]). The court relied on the Supreme Court’s definition of a two-prong test in Press-Enterprise Co. v Superior Ct. (478 US 1, 8 [1986]); it held that there was no reason to believe that the high court’s First Amendment analysis no longer retained an historical component. In the context of a press application to gain access to depositions the Supreme Court has concluded that "pre-trial depositions * * * are not public components of a civil trial. Such proceedings were not open to the public at common law * * * [I]n general, they are conducted in private as a matter of modern practice.” (Seattle Times Co. v Rhinehart, 467 US 20, 33 [1984]; Gannett Co. v DePasquale, 443 US 368, 388-389, n 18 [1979]; In re Reporters Comm. for Freedom of Press, 773 F2d 1325, 1338 [DC Cir 1985].)
Under the New York cases the press has consistently been denied access to pretrial depositions since depositions are not a part of a public trial (Scollo v Good Samaritan Hosp., 175 AD2d 278 [2d Dept 1991]; Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335 [2d Dept 1979]). The public’s limited right of access to matrimonial matters (see, discussion of Domestic Relations Law § 235, infra) is not impaired by exclusion from depositions. The right of access is merely delayed until trial (Matter of Westchester Rockland Newspapers v Marbach, supra, 66 AD2d, at 338). A pretrial deposition meets neither branch of the Press-Enterprise test (see, Matter of Johnson Newspaper Corp. v Melino, supra). There is no First Amendment right to press access to a deposition. Nor is there a right under the State Constitution, which, in this respect, is coextensive with the First Amendment (Matter of Johnson Newspaper Co. v Melino, supra, 77 NY2d, at 7).
That conclusion does not end the inquiry. In the Federal courts the rule has developed that, notwithstanding the absence of a constitutional right of public access to discovery and that the press may not attend a deposition (Amato v City of Richmond, 157 FRD 26 [ED Va 1994]), a party must establish good cause for sealing discovery (see, e.g., In re "Agent Orange” Prod. Liab. Litig., 104 FRD 559, 568 [ED NY 1985], affd 821 F2d 139, 145-146 [2d Cir 1987], cert denied sub nom. *820 Dow Chem. Co. v Ryan, 484 US 953 [1987]; Gumowitz v First Fed. Sav. & Loan Assn., 1994 WL 683431 [SD NY 1994]; Cipollone v Liggett Group, 785 F2d 1108, 1121 [3d Cir 1986]).
In New York it is well accepted that the court has authority pursuant to CPLR 3103 (b) to regulate discovery by barring dissemination of information to persons other than those connected with the case (see, e.g., Krygier v Airweld Inc., 176 AD2d 701 [2d Dept 1991]; Van Eycken v Van Eycken, 142 AD2d 576 [2d Dept 1988]; Tymko v K-Mart Discount Stores, 75 AD2d 987 [4th Dept 1980]). That rule also applies to the use of the videotape of a deposition (Liebman & Charme v Lanzoni, 164 Misc 2d 302 [Civ Ct, NY County 1995]). The issue thus presented is whether there is a valid basis for the issuance of a protective order. Wife claims that such an order should be granted only upon a showing of special circumstances. The traditional rule is that the burden of establishing the need for a protective order is on the party seeking it (see, e.g., Nab-Tern-Betts v City of New York, 209 AD2d 223, 224 [1st Dept 1994]; Flores v City of New York, 207 AD2d 302 [1st Dept 1994]; Viruet v City of New York, 97 AD2d 435, 436 [2d Dept 1983]). Husband’s argument here seems to be that since different rules generally apply to matrimonial cases different standards should govern public access to discovery.
Judiciary Law § 4 states that the primary rule in this State is open court proceedings: "[T]he sittings of every court within this state shall be public”. There appears to be a general trend in the cases to permit a trial court to refuse to close a courtroom to the public where there is a strong public interest even though the parties seek privacy (e.g., Merrick v Merrick, 154 Misc 2d 559, 562-563 [Sup Ct, NY County 1992], affd 190 AD2d 515 [1st Dept 1993]; Anonymous v Anonymous, 158 AD2d 296, 297 [1st Dept 1990], modifying Sprecher v Sprecher, NYLJ, June 21, 1988, at 21, col 6 [Sup Ct, NY County, Schackman, J.]). That is, in the recent reported cases the courts have applied a standard that public access to a trial is to be preferred, absent strong reasons to the contrary, such as detailed allegations of sexual misconduct or acts of cruelty (see, Olesh v Olesh, 143 Misc 2d 299 [Sup Ct, Nassau County 1989]). It is clear that, at least in 1995, the burden on courtroom closure is on the party seeking it.
However, the court is granted authority in its discretion to exclude "all persons who are not directly interested therein” from "all proceedings and trials in cases for divorce”. (Judiciary Law § 4.) That power of exclusion from the trial is repeated *821 in the Domestic Relations Law. Section 235 grants partial confidentiality to divorce proceedings. Section 235, which originated in 1847, bars public access to potentially embarrassing materials (see, Stevenson v News Syndicate Co., 276 App Div 614, 615 [2d Dept 1950], affd 302 NY 81 [1950]). Subdivision (1) of the statute bars, absent a court order, any access except for the parties and counsel to certain parts of the court’s records. Subdivision (2) permits the court to grant an order excluding the public from the trial and trial exhibits. Although the statute appears to give the parties’ privacy great weight, there are major loopholes. For example, there is no tort cause of action against a person who publishes material obtained in violation of the statute (e.g., Shiles v News Syndicate Co., 27 NY2d 9, 15 [1970]; Freihofer v Hearst Corp., 65 NY2d 135 [1985]). Public access to courtroom proceedings is strongly favored (Richmond Newspapers v Virginia, 448 US 555 [1980]), even in matrimonial cases (see, Merrick v Merrick, supra; Anonymous v Anonymous, supra).
The law governing the pretrial rights of the parties in matrimonial matters is not discussed in the reported cases. Pretrial disclosure in matrimonial cases typically involves detailed examination of the financial workings of the marriage, employers and related parties. Discovery, as in all cases, is not limited to admissible matter but usually goes far beyond the matter to be offered at trial. But it is only the trial evidence to which the statutes and cases provide a public right to access. In this respect the New York procedure in matrimonial cases differs from the Federal system relied on in In re "Agent Orange” (supra), where discovery is filed with the court clerk and is available to the public (Fed Rules Civ Pro, rule 5 [d]). In New York depositions have rarely been filed (see, Brown v University of Rochester Strong Mem. Hosp., 77 Misc 2d 221, 226 [Sup Ct, Monroe County 1974]). However, absent the usual waiver, CPLR 3116 (b) requires filing of depositions, but that filing is sealed and only open to the parties. The video taping rules also require filing of the tape (22 NYCRR 202.15 [g] [1]). However, if a deposition or tape were filed in a matrimonial case, Domestic Relations Law § 235 precludes public access to the file in any event.
Moreover analysis of the structure of Domestic Relations Law § 235 suggests that there may be different standards for denying public access to a trial than to pretrial matters. Subdivision (2) of the statute, which requires an order to seal the courtroom, can be read to provide a presumption of open *822 ness of trials and to place the burden on the party seeking secrecy. Subdivision (1), on the other hand, which requires a court order to unseal records, places the burden on the party seeking access. The court notes that in Merrick (supra) the trial court, which opened the divorce trial to the public, prohibited the parties and counsel from disclosing evidence before trial.
As noted above, the traditional rule puts the burden of showing grounds for a protective order on the party seeking it. This court finds that legislative and case law concerns in matrimonial cases require a departure from the usual rule. When a party seeks a protective order in a matrimonial case seeking to preclude dissemination of pretrial proceedings, such as depositions, a different burden should apply. It is reasonable for the court to presume that, upon motion of a party, pretrial deposition transcripts and tapes should not be disclosed to the media unless the party who seeks disclosure can show special circumstances warranting an exception. As discussed above, the material is not protected by the First Amendment or the State Constitution. There is no constitutional impediment to requiring a party seeking disclosure of pretrial discovery in a matrimonial case to provide a reason for the disclosure sought. For nearly a century and a half the Legislature has expressed a special concern about the public nature of matrimonial case trials. It is reasonable to treat that class of cases differently regarding dissemination of pretrial disclosure material.
There are many private interests in a matrimonial case. The most intimate relations of the parties and their finances may be subject to scrutiny. The broad spousal privilege (CPLR 4502 [b]) is inapplicable in divorce. Also the court is well aware that one of the problems in open matrimonial proceedings is the effect it would have on children of the marriage. While adult parties in today’s media-conscious world may be found to have no valid objection to having their dirty linen aired, the same cannot be said of the children who are the innocent victims of both their parents and the media (but see, Anonymous v Anonymous, supra). Even when custody is not involved in the trial, there are long-lasting scars caused by public humiliation of one or both parents. The court often tries to protect the children in pendente lite orders by precluding the parents from "bad mouthing” each other. The media have no such concerns. The issue of child protection in public divorce battles is one the Legislature should address (see, Brandes & Weidman, Privacy: Whose Right Is It, Anyway?, NYLJ, Oct. 24, 1995, at 3, col 1). *823 The courts are unfortunately limited in their enforcement of the parties’ privacy.
Here Husband has offered his concern that allegations of impropriety might harm his standing in his public office and adversely affect the child of the marriage. Wife offers no reason for disclosure other than that it may be to her "tactical” advantage to disclose the videotape. The "tactical” concerns seem to suggest that Husband is correct in assuming that public disclosure is being used, as it often is in litigation, as a threat. The general public interest in an ABC News special feature is also expressed by Wife and her counsel. Neither reason is substantial. The court finds no basis to deny the application for a protective order.
The motion for a protective order to prevent disclosure of the video or audiotape or transcript of any of the depositions is granted. All other prayers for relief are denied.