■ MICHAEL CHAIT, Respondent, v JEAN MARIE CHAIT, Defendant. GAYMAR INDUSTRIES, INC., Nonparty Appellant. [740 NYS2d 9] —Order, Supreme Court, New York County (Joan Lobis, J.), entered May 31, 2001, which, to the extent appealed from, denied that branch of nonparty appellant's motion to quash or, alternatively, modify plaintiff's subpoena duces tecum requesting production of a 1999 contract of sale, and order, same court and Justice, entered on or about August 31, 2001, which granted plaintiff's motion to compel nonparty appellant's compliance with the May 31, 2001 order and denied nonparty appellant's cross motion for a stay under CPLR 5519 (a) (4) and (c), affirmed, without costs.

In this matrimonial action involving equitable distribution issues, the motion court properly exercised its discretion in denying nonparty appellant Gaymar Industries' motion to

quash plaintiff husband's request for the 1999 contract of sale between nonparty appellant and Medisearch P.R., Inc. (also a nonparty) inasmuch as the contract is material and necessary for purposes of valuing any appreciation of defendant wife's stock interest in Gaymar Industries during the marriage (*see*, CPLR 3101 [a] [4]; *Gellman v Gellman*, 160 AD2d 265; *New York State Elec. & Gas Corp. v Lexington Ins. Co.*, 160 AD2d 261). Defendant's transfer of her interest in Gaymar, a closely held family business, during the pendency of this action, in apparent violation of the court's preexisting order enjoining transfer of marital assets, provides no basis to deny disclosure. Defendant's argument that the subject contract should be reviewed in camera for redaction purposes is unpersuasive. Nonparty appellant did not make the contract available for review by the court and, in any event, its confidentiality concerns are general and conclusory (*see*, *New York Elec. & Gas Corp.*, 160 AD2d, *supra* at 262; *Dynamic Med. Communications v Norwest Trade Printers*, 257 AD2d 524, 525). In any event, the trial court, in a proper exercise of its discretion, took the precaution of conditioning the contract's disclosure upon a confidentiality agreement, and of ordering closure of the courtroom during discussion of the contract.

As the record does not reflect the degree of plaintiff's active participation in the business, it cannot be said that the court improperly directed production of the contract on that basis. In any event, whether production of the document remains appropriate in light of further evidence adduced before the Special Referee is an issue that can be safely entrusted to the sound discretion of Supreme Court. Concur—Mazzarelli, Ellerin and Rubin, JJ.

Nardelli, J.P., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: I would modify the orders appealed from to the extent of conditioning the production of the December 31, 1999 contract of sale upon a threshold report by the Special Referee on the specific issue referred to her by the court's order of reference dated August 11, 1999, viz., "whether the husband's or wife's involvement during the marriage in businesses that appreciated in value qualified as active participation to transmute the appreciation of the wife's otherwise separate property into marital property subject to equitable distribution."

*Hartog v Hartog* (85 NY2d 36, 46) requires that there be "*some* nexus between the titled spouse's active efforts and the appreciation in the separate asset" (emphasis in original). However, before plaintiff would be entitled to production of the

contract with the attendant confidentiality strictures mandated by the court, he should first have to make some showing that defendant was active to some degree in the affairs of any of the family-held corporations. Although I recognize that the hearing before the Special Referee was ongoing at the time of the orders appealed, there is nothing in the record to indicate that plaintiff had shown any requisite activity. In fact, it appears that the hearing before the Special Referee was bifurcated with the "contribution hearing" being held first to be followed by a "valuation hearing," presumably after a report by the Referee and a finding by the court as to defendant's active participation, if any, in the affairs of the corporations. Indeed, it appears that one of the issues before the Special Referee was not defendant's contribution to the family corporations, but plaintiff's part-time contribution to the production of videos for one of the corporations.