■ In the Matter of DAILY NEWS, L.P., et al., Petitioners, v MAXWELL WILEY et al., Respondents. [6 NYS3d 19]—

Application pursuant to CPLR article 78 for a writ of mandamus and/or a writ of prohibition, to compel respondent Honorable Maxwell Wiley to unseal and permit inspection and copying of certain evidence and transcripts, and other related relief, unanimously denied, and the petition dismissed, without costs.

In this article 78 proceeding petitioners, seven news organi-

zations,* challenge a series of rulings regarding press access in an ongoing criminal trial. Respondents, the judge presiding over the trial in *People v Pedro Hernandez* (Sup Ct, NY County, indictment No. 4863/12), the District Attorney of New York County and the accused, who is charged with murder and kidnapping, all oppose. More specifically, with the consent of the District Attorney and the defendant, the trial court denied oral and written letter requests by some of the petitioners (1) to inspect and copy evidence from the suppression hearing, (2) to unseal the courtroom during certain in limine hearings and (3) to grant access to hundreds of completed juror questionnaires and the preliminary screening of jurors.

The First Amendment guarantees the public and the press a qualified right of access to criminal trials (*see Richmond Newspapers, Inc. v Virginia*, 448 US 555, 580 [1980]). This right must be kept in balance with the compelling interest of the defendant's Sixth Amendment right to a fair trial and the right to privacy of prospective jurors (*see Press-Enterprise Co. v Superior Court of Cal., Riverside Cty.*, 464 US 501, 510 [1984] *[Press-Enterprise I]*). The public's right of access may be limited where there is a compelling governmental interest and closure is narrowly tailored to serve that interest (*id.*).

New York's approach to courtroom closure is "comparable to the federal analysis" (*Courtroom Tel. Network LLC v State of New York*, 5 NY3d 222, 232 [2005]). The press is not imbued with any special right of access, and while it possesses "the same right of access as the public," it has no right to information about a trial that is "greater" or "superior" to that of the general public (*id.* at 229 [internal quotation marks omitted]). A " 'trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity' " (*Matter of Westchester Rockland Newspapers v Leggett*, 48 NY2d 430, 438 [1979], quoting *Gannett Co. v DePasquale*, 443 US 368, 378 [1979]). Decisions to seal or disclose records fall within the inherent power of the court to control the records of its own proceedings (*see Matter of Crain Communications v Hughes*, 74 NY2d 626, 628 [1989]). While a court must guarantee that the defendant receives a fair trial, it must do so in a manner that balances the interests of "the defendant, jurors, witnesses, attorneys and the public at large" (*Courtroom Tel. Network LLC* at 232).

The Court in *Matter of Westchester Rockland Newspapers v*

---

* Petitioners are The Daily News, L.P., The Associated Press, Cable News Network LP, LLP (CNN), Newsday LLC, ALM Media, LLC, The New York Times Company and Dow Jones & Company, Inc.

*Leggett,* explained that the defendant seeking to exclude the public from a pretrial proceeding, must move for such relief on the record, in open court (48 NY2d at 442). The defendant must demonstrate "a strong likelihood" that particular evidence would prejudice the defendant's trial if disclosed to potential jurors (*id.*). If, during the course of argument, counsel believes it necessary to introduce specified items of proof which would, if disclosed, create the very prejudice sought to be avoided, counsel may request that argument briefly continue without the public present, although in the presence of both counsel (*id.*). Where the court grants the request, the court shall circumspectly give reasons for closure in open court (*id.*). All proceedings on the motion, both in open and closed court, should be recorded for appellate review (*id.*).

The defendant bears the burden of showing that his or her right to a fair trial may be compromised by an open proceeding (*Matter of Associated Press v Bell,* 70 NY2d 32, 39 [1987]). The trial court must make "specific findings" that closure would prevent a substantial probability that the defendant's right to a fair trial would be prejudiced by publicity and that there are no reasonable alternatives to closure to protect the defendant's fair trial rights (*id.,* citing *Press-Enterprise Co. v Superior Court of Cal., County of Riverside,* 478 US 1, 12-13 [1986] *[Press-Enterprise II]*).

Applying these principles to the case at bar, we conclude that petitioners have not established a clear right to the relief they seek. The suppression hearing in this matter was held in open court, with the press in attendance. Petitioners' request for a copy of the videotaped confessions and certain police notes was denied in a written decision dated October 6, 2014, which balanced the competing rights of the press and public against the defendant's ability to receive a fair trial. At the time, the court had not yet ruled on the admissibility of the confessions. The trial court specifically provided that the press could renew its application for unsealing after the trial commenced.

Ultimately the videotaped confessions were ruled admissible in a redacted form, and the redacted version was played at trial. The redacted version has been released to the press. Under these circumstances, we find no clear error.

Turning to the trial court's closure of the courtroom for consideration of various in limine motions, our review of those sealed transcripts reveals that the closure was appropriate after balancing the press and public's right to access against the need to either protect witnesses or ensure the defendant's right to a fair trial. The vast majority of the proceedings in this trial

have been open and the court has sparingly exercised its discretion to close the court (*see Poughkeepsie Newspapers v Rosenblatt*, 92 AD2d 232, 234-235 [2d Dept 1983], *affd* 61 NY2d 1005 [1984] [public excluded only from a brief hearing to determine admissibility of certain evidence]).

While, as petitioners argue, the guarantee of open proceedings applies to the examination of potential jurors (*see Press-Enterprise I*, 464 US at 501; *People v Martin*, 16 NY3d 607, 611-612 [2011]), the method of conducting the voir dire is left to the sound discretion of the trial court (*see United States v Wecht*, 537 F3d 222, 242-243 [3d Cir 2008]). Where the voir dire entails discussion of controversial or sensitive issues such that public access to the jurors' responses would significantly inhibit their candor, the presumption of access may be outweighed by fair trial considerations (*see United States v King*, 140 F3d 76, 82-84 [2d Cir 1998]; *but see ABC, Inc. v Stewart*, 360 F3d 90, 101 [2d Cir 2004] [findings insufficient to establish a substantial probability that open voir dire would have prejudiced the defendants' right to a fair trial]).

Here, the trial court did not commit clear error in denying the request from members of the press to observe pre-screening of potential jurors regarding scheduling and access to juror questionnaires containing personal information such as the juror's experience with psychiatric care and mental illness. We note that the trial court has since made clear that transcripts of the pre-screening are to be made available to the press. The trial court struck an appropriate balance of the privacy interests of the jurors with the qualified right of public access by releasing a blank questionnaire to the press (*see United States v Taveras*, 436 F Supp 2d 493, 505 [ED NY 2006], *affd in part, vacated in part on other grounds*, 514 F3d 193 [2d Cir 2008] [blank questionnaire forms distributed to press; completed forms not available as they could be traced to individual jurors who revealed highly personal information on the promise of confidentiality]). Most importantly, jurors who were not excused on consent during the pre-screening were questioned in open court, with the press present. All for cause and peremptory challenges were exercised in open court.

Although New York courts have implicitly recognized that a writ of mandamus may be available where a trial court has allegedly not followed required procedures in closing criminal proceedings, this is balanced against the trial court's discretion when it determines that the qualified right of public access must yield to competing concerns, including the right of the accused to a fair trial (*see Associated Press v Bell*, 70 NY2d at 38-

39). The Court of Appeals has held that because the court will have balanced the competing interests before closing pretrial proceedings or sealing court records—both acts within its full discretion and jurisdiction—typically "neither mandamus nor prohibition is available" (*Crain Communications*, 74 NY2d at 628).

On this record, there is no clear right to mandamus. For all categories, the extant record establishes that the court acted with the consent or at the request of the parties. The trial court restricted access to proceedings and evidence on a permissibly limited basis, balancing the defendant's compelling right to a fair trial against the public's right of access to a criminal proceeding.

While we find, on the available record, that the trial court acted within its discretion and appropriately balanced the competing constitutional mandates before closing the courtroom and sealing certain records, we caution that going forward, the court must adhere strictly to the procedures set forth in the controlling case law including affording a full opportunity by any interested members of the press to be heard, and making specific findings to support its determination without revealing the subject or issue, before closing the courtroom or sealing exhibits (*see Westchester Rockland Newspapers*, 48 NY2d at 442). We remind the trial court that it cannot close the courtroom or seal evidence and transcripts merely because the parties are consenting to same and the case has obtained notoriety. Of course, if the courtroom is closed, only those issues which require closure should be addressed and the courtroom reopened immediately upon conclusion of the closed proceedings.

Accordingly, the petition is denied and the proceeding is dismissed. Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.