Matter of Cafferty v Mihalko (2020 NY Slip Op 02310)





Matter of Cafferty v Mihalko


2020 NY Slip Op 02310


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

529396

[*1]In the Matter of Martha G. Cafferty, Appellant,
v
Joseph A. Mihalko, as Broome County Clerk, Respondent.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


M. Suzanne Landwehrle, Vestal, for appellant.
Robert G. Behnke, County Attorney, Binghamton, for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Tait, J.), entered May 28, 2019 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to comply with Judiciary Law § 255.
In 1998, the County of Broome commenced a tax foreclosure proceeding against petitioner's husband (hereinafter decedent), seeking to satisfy outstanding real property taxes that he owed on various parcels of real property. Decedent thereafter entered into an agreement with the County to pay the delinquent taxes and, in turn, the County withdrew the subject properties from the foreclosure proceeding. Decedent failed to abide by the terms of the agreement, however, and the County thereafter moved for summary judgment seeking to foreclose on decedent's properties. In October 2003, Supreme Court granted the motion and a judgment of foreclosure and sale was issued and the County acquired title to the properties via a tax deed.[FN1] Since entry thereof, either decedent or petitioner, as the executor of decedent's estate, have unsuccessfully attempted to challenge the 2003 judgment of foreclosure (see e.g. Cafferty v County of Broome, 151 AD3d 1512 [2017], appeal dismissed 30 NY3d 927 [2017], lv denied 30 NY3d 911 [2018]; Matter of County of Broome, 90 AD3d 1260 [2011]; Cafferty v Cahill, 27 Misc 3d 1215[A], 2007 NY Slip Op 52669[U] [Sup Ct, Broome County 2007], affd 53 AD3d 1007 [2008], appeal dismissed and lv denied 11 NY3d 861 [2008]).
In May, June and July 2018, petitioner sent a series of requests pursuant to both the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) and Judiciary Law § 255 seeking to have respondent search the records of his office and provide her with four specific documents from file CA 1998000462 (hereinafter the file): (1) a copy of the petition of foreclosure for decedent for the year 2003; (2) a copy of the affidavit of service for the 2003 petition of foreclosure; (3) a copy of proof of the publication of the 2003 petition of foreclosure; and (4) a copy of the 2003 judgment of foreclosure, with mandated filings pertaining to this petition. Respondent searched his office for the requested documents and informed petitioner that the file only contained documents with respect to decedent's 1998 tax foreclosure proceeding. Respondent further provided petitioner a copy of the docket sheet for the file and offered to provide her with those documents contained therein that appeared to be responsive to her request, which included a copy of the requested 2003 judgment of foreclosure. Petitioner refused to accept these documents as being nonresponsive and requested that respondent provide a statement and certification indicating that he searched for the requested documents and that they cannot be found in the file. Ultimately, by letter dated July 25, 2018, the County Attorney for Broome County informed petitioner that her FOIL request was denied to the extent that the Judiciary is exempt from FOIL and indicated that, with regard to her request for court documents, respondent had already complied with said request as she had already been offered copies of the documents in the Court file but had rejected same.
In September 2018, petitioner commenced this proceeding pursuant to CPLR article 78, seeking a writ of mandamus to compel respondent to comply with Judiciary Law § 255, alleging that respondent failed to diligently search for the four documents that she requested from the file. Petitioner also sought to compel respondent to state in writing and certify that, pursuant to Judiciary Law § 255, "he has legal custody of [the file], has diligently searched [the file] and can not find the documents." Following joinder of issue, in a decision rendered May 28, 2018, Supreme Court dismissed the petition, determining that petitioner failed to establish that the 2003 documents that she sought "ever existed or belonged in [the file]" and, therefore, legal custody of the subject documents cannot be imputed to respondent such that he cannot be compelled to certify that the subject documents could not be found. Petitioner appeals.
We affirm. "A writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are ministerial and mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Ethington v County of Schoharie, 173 AD3d 1504, 1505 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Albany Police Officers Union, Local 2481, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 170 AD3d 1312, 1313-1314 [2019], lv denied 33 NY3d 911 [2019]). In turn, Judiciary Law § 255 provides, in relevant part, that "[a] clerk of a court must, upon request . . . diligently search the files, papers, records, and dockets of his [or her] office; and either make one or more transcripts or certificates of change therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper, of which the custody legally belongs to him [or her], can not be found."
Here, upon petitioner's request for the four subject documents, respondent diligently searched his office for same and ultimately informed petitioner that the file only contained documents with respect to decedent's 1998 tax foreclosure proceeding and, although a 2003 judgment was ultimately rendered with regard thereto, the file did not contain any documents relating to a 2003 tax foreclosure proceeding. Respondent provided petitioner with a copy of the docket sheet, gave her access to the file and offered to provide her with those documents that appeared to be responsive to her request, but she refused to accept same. Although Judiciary Law § 255, by its plain language, required respondent to diligently search its records for the requested documents, it did not concomitantly compel him to certify that the requested records could not be found, where, as here, it was never established that, other than the 2003 judgment, said documents ever existed and/or were in his legal custody in the first instance. Accordingly, we find that Supreme Court properly concluded that petitioner failed to establish her entitlement to a writ of mandamus and properly dismissed the petition.
Lynch, Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner and decedent apparently appealed from the judgment of foreclosure but said appeal was never perfected.