Matter of Herrick v Town of Colonie (2022 NY Slip Op 06848)

Matter of Herrick v Town of Colonie

2022 NY Slip Op 06848

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

534162
[*1]In the Matter of Stephen W. Herrick, as Albany County Public Defender, Respondent,
v
Town of Colonie, Respondent, and Mary Falace-Mayr, as Clerk of the Colonie Town Court, Appellant.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Cooper Erving & Savage LLP, Albany (Carolyn B. George of counsel), for appellant.
Eugenia K. Condon, County Attorney, Albany (Kevin M. Cannizzaro of counsel), for Albany County Public Defender, respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (David A. Weinstein, J.), entered September 7, 2021 in Albany County, which, among other things, partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Clerk of the Colonie Town Court to comply with Judiciary Law § 255.
In 2018 and 2019, assistant public defenders in petitioner's office made a series of requests to respondent Mary Falace-Mayr, Clerk of the Colonie Town Court (hereinafter respondent), for recordings of appearances in criminal matters before the Colonie Town Court that could be provided to a transcription service. Respondent failed to comply because the requests, although providing information such as the defendant's name and date of birth, as well as the appearance date and time, did not include the eight-digit docket number assigned by Town Court. Petitioner commenced a CPLR article 78 proceeding in September 2019 to compel respondent to act and, upon respondent's motion, that proceeding was dismissed as time barred in May 2020.
An assistant public defender submitted several requests to respondent in August 2020 for the previously requested transcripts, transcripts of proceedings following some of those appearances, and certain court calendars. Respondent processed one request that provided the docket number of the underlying criminal case but otherwise refused to comply, maintaining, among other things, that the transcript requests were barred by the May 2020 order and that the requested calendars no longer existed. Petitioner then brought the instant CPLR article 78 proceeding to compel respondent to conduct a diligent search for the requested items and provide them if possible. Respondent Town of Colonie served an answer. Respondent filed a pre-answer motion to, in relevant part, dismiss the petition on the grounds that petitioner was precluded from relitigating any issue regarding the prior transcript requests and that he did not, in any event, have a clear legal right to the relief sought.
Supreme Court thereafter issued a judgment in which it granted respondent's motion to dismiss the petition insofar as it sought to revisit the denial of the prior transcript requests and compel the production of calendars that no longer existed. The court further determined that respondent was obliged to conduct a diligent search for two newly requested transcripts, namely, the 10 minutes of court proceedings following appearances in two specified criminal cases that occurred on December 12, 2018. As such, respondent was directed to search for the newly requested transcripts and either provide them, state that they did not exist or set forth a legal basis for her refusal to produce them. Respondent appeals, and we affirm.
It is settled that the public has the common law right "to inspect and copy public records and documents, including judicial records and documents" (Nixon v Warner Communications, Inc., 435 US 589, 597 [1978]). Moreover[*2], "[u]nder New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (Mosallem v Berenson, 76 AD3d 345, 348 [1st Dept 2010]; see Matter of Werfel v Fitzgerald, 23 AD2d 306, 310 [2d Dept 1965]; see also UJCA 2019-a). While the Freedom of Information Law (see Public Officers Law art 6) does not apply to judicial records (see Public Officers Law § 86 [3]; Matter of Newsday, Inc. v Empire State Dev. Corp., 98 NY2d 359, 362 [2002]; Matter of Mullgrav v Santucci, 195 AD2d 786, 786 [3d Dept 1993]), access to court records is ensured by other statutory provisions.
The relevant provision for our purposes is Judiciary Law § 255, which directs the clerk of a court to, "upon request, . . . diligently search the files, papers, records, and dockets in his [or her] office; and either make one or more transcripts or certificates of change therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper, of which the custody legally belongs to him [or her], can not be found" (see Matter of Cafferty v Mihalko, 182 AD3d 848, 850 [3d Dept 2020]). Judiciary Law § 255 does not oblige the clerk of a court to maintain records in a certain form or create records that do not exist; it does, however, impose a duty upon the clerk to "diligently search [court] records" when a request for them is made (Matter of Cafferty v Mihalko, 182 AD3d at 851; see Matter of Ritter v Binghamton City Ct., 172 AD3d 1671, 1672 [3d Dept 2019]; Matter of Cassar v Condon, 165 AD3d 1208, 1208-1209 [2d Dept 2018]). Our review of the record leads us to conclude that respondent clearly failed to perform her duty and that Supreme Court correctly directed her to do so.
The record leaves no doubt that respondent rejected record requests from petitioner's office because the requests lacked docket numbers assigned by her office. Respondent admitted in her motion papers, in fact, that she had refused to entertain several "improper requests" for transcripts from petitioner's office because the requests did not include docket numbers even though she had already located those docket numbers and given them to petitioner's staff. The record also establishes that, although a record request might be more time consuming to fulfill without a docket number, it was not impossible to conduct a search without that number or to identify the number using other information if necessary (compare Public Serv. Commn. v International Ry. Co., 224 NY 631, 631-632 [1918]). Indeed, the record reveals multiple instances in which Town Court staff located a criminal case's docket number in the court's case management system after petitioner's staff provided details such as the defendant's name, date of birth and file date, and respondent acknowledges that the case management system permits searches using such criteria. It is, accordingly, apparent that a search for requested records can be conducted without a docket number [*3]despite petitioner's unwillingness to conduct one.
Notwithstanding respondent's further suggestion, she was not entitled to summarily reject requests lacking a docket number because that information was expected by Town Court policy. Judiciary Law § 255 does not require any particular information to be provided with a record request. Rather, as the New York State Unified Court System's guidance explains, a record request need only "[b]e for specific records," "[r]easonably describe" the records, give "as much information as possible to identify the" records and "[c]onform to the court's indexing and record retrieval system" (Freedom of Information Law [FOIL], Court Records, https://ww2.nycourts.
gov/foil/CourtRecords.shtml). Thus, as respondent failed in her duty to conduct a diligent search for records upon request, Supreme Court properly directed her to conduct that search for the newly requested transcripts and either produce them or set forth why she could not do so (see Matter of Cassar v Condon, 165 AD3d at 1208-1209; Matter of Martinez v Jacobson, 253 AD2d 521, 522 [2d Dept 1998], lv denied 93 NY2d 818 [1999]; cf. Matter of Cafferty v Mihalko, 182 AD3d at 850-851; Matter of Ritter v Binghamton City Ct., 172 AD3d at 1672).
Respondent's remaining arguments — including that she properly denied requests for transcripts of a particular defendant's court appearance plus the 10 minutes following that appearance because of her speculation that they might contain sealed matters involving another defendant — are meritless. Respondent cannot deny access to court records she did not search for based on an assumption that if she did conduct such a search she would discover them exempt from disclosure.
Finally, we understand that respondent's job of locating requested court records is made easier when the court's own docket number is supplied with the request. However, respondent is a public official who is duty bound, docket number or no docket number, to search for and make accessible public records of the court that she serves.
Garry, P.J., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, with costs.