Paulson v Paulson (2023 NY Slip Op 03310)

Paulson v Paulson

2023 NY Slip Op 03310

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 652358/22 Appeal No. 506 Case No. 2023-00181 

[*1]Jenica Paulson, Plaintiff-Appellant,
v
John Paulson, Defendant-Respondent, Jeffrey Bortnick, Defendants.

Cohen Clair Lans Greifer & Simpson LLP, New York (Robert S. Cohen of counsel), for appellant.
Blank Rome LLP, New York (Samuel D. Levy of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered January 10, 2023, which granted defendant husband's motion to close the courtroom for oral argument on the motions to dismiss the complaint in this action, unanimously reversed, on the law, with costs, and the motion denied.
The motion court did not provide the public and the press adequate notice of the husband's courtroom closure request. Because it directed the parties to file their submissions on the application for courtroom closure by email, the submissions were not reflected on "the publicly maintained docket entries," as required (Application of The Herald Co., 734 F2d 93, 102-103 [2d Cir 1984]; see also Matter of Herald Co. v Weisenberg, 59 NY2d 378, 383 [1983]; Matter of New York Times Co. v Demakos, 137 AD2d 247, 252 [2d Dept 1988]).
We also reverse on substantive grounds. "Public access to court proceedings is strongly favored, both as a matter of constitutional law . . . and as statutory imperative (Judiciary Law §4)" (Anonymous v Anonymous, 263 AD2d 341, 342 [1st Dept 2000]). In the order appealed here, the motion court improperly read an exception into the "statutory imperative" of NY Judiciary Law §4 that does not exist. The first part of that statute, entitled "Sittings of courts to be public," states: "The sittings of every court within this state shall be public, and every citizen may freely attend the same . . ." The only exceptions to this rule are set forth in the statute's next sentence: "except that in all proceedings and trials in cases for divorce, seduction, rape, assault with intent to commit rape, criminal sexual act, bastardy or filiation, the court may, in its discretion, exclude therefrom all persons who are not directly interested therein, excepting jurors, witnesses, and officers of the court" (see also 1 Carmody-Wait 2d § 2:271 [March 2023 Update] ["Absent exceptional circumstances, a judge or justice has no discretion whether a judicial proceeding is open to the public"]).
Here, the motion court used its discretion to insert another, unwritten category of cases into the statutory exception: proceedings that could entail arguments that implicate documents filed under seal. We find its decision to do so to have been improper (see Matter of James Q., 32 NY3d 671, 679 [2019]["Where the Legislature has chosen to temper or abrogate the presumption of openness, it has done so in specific language, and these exceptions have been strictly construed by the courts" (internal quotation marks omitted)]). Even if, as the husband emphasizes, the right of access is "not absolute" (e.g. Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 6 [1st Dept 2000]), the motion court's approach — closing a courtroom to public access on grounds that the proceedings implicate documents previously filed under seal — has been rejected by the Court of Appeals (see Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d 263, 272 [1988]; see also People [*2]v Gomez, 103 Misc 2d 352, 353 [Sup Ct, Ontario County 1980]; Matter of Child A, 45 Misc 3d 1017 [Sur Ct, Nassau County 2014]; Matter of Doe, 16 Misc 3d 714 [Sur Ct, NY County 2007]).
Moreover, the courtroom closure precedents cited by the motion court and the husband are inapposite for various reasons, including because they arise from situations where courtrooms were closed on other grounds, such as to protect a criminal defendant's rights (e.g. Matter of Gannett Co. v De Pasquale, 43 NY2d 370 [1977], affd 443 US 368 [1979]; Matter of Daily News, L.P. v Wiley, 126 AD3d 511 [1st Dept 2015]); entailed pretrial discovery, not courtroom proceedings (e.g. Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335 [2d Dept 1979]); relied on statutes inapplicable here (e.g. Matter of Astor, 13 Misc 3d 1203[A] [Sup Ct, NY County 2006]); fall within the express exceptions of Judiciary Law §4 (e.g. Chait v Chait, 292 AD2d 215 [1st Dept 2002]); or altogether do not contend with the unambiguous language of Judiciary Law § 4 — a statute whose applicability here is unquestioned (e.g. Guiffre v Dershowitz, 2021 WL 5233551 [SD NY Nov. 10, 2021]; Lynch v Southampton Animal Shelter Foundation, Inc., 2012 WL 13109966 2012,*2, US Dist LEXIS 206423, *2 [ED NY July 10, 2012, No. CV 10-297]).
We note that the husband's withdrawal of his objection to the closure in this instance is not dispositive. Moreover, to the extent he argues the proceedings at issue are not entitled to the presumption of public access because they are pretrial or because they are scheduled at the court's discretion, his arguments find no support in the text of Judiciary Law §4.
We also find the motion court to have improperly ordered courtroom closure on the basis of speculative harm to the parties' daughters. Its determination relied on Lisa C-R v William R, 166 Misc 2d 817 [Sup Ct, NY County 1995]), but that case, which concerned public access to a pretrial deposition, was a divorce case, and thus among the express exceptions of Judiciary Law § 4.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023