Matter of Nicholas v Martuscello (2026 NY Slip Op 00181)

Matter of Nicholas v Martuscello

2026 NY Slip Op 00181

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CV-25-0619
[*1]In the Matter of JB Nicholas, Appellant,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ.

JB Nicholas, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Powers, J.
Appeals (1) from a judgment of the Supreme Court (James Farrell, J.), entered April 9, 2025 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent's motion to dismiss the petition/complaint, and (2) from an order of said court, entered April 9, 2025 in Albany County, which denied petitioner's application to waive costs, fees and expenses.
Petitioner is a freelance journalist who operates an online news blog. On January 17, 2025, petitioner sent respondent two separate emails related to the homicide of Robert Brooks while in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) at Marcy Correctional Facility the month before. In the first email, petitioner requested to be present during the disciplinary hearings of 17 named DOCCS employees who had been served notices of discipline and/or suspension for their part in Brooks' death. In the second email, petitioner requested access to the disciplinary records of 18 named DOCCS employees. In February 2025, when he did not receive a prompt response to those emails, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action.[FN1] Petitioner sought a declaration that "the public has the right to witness in-person disciplinary hearings for all DOCCS employees unless" it is determined that "closure is necessary to serve a legitimate and compelling interest and is no greater than necessary to serve that interest." Related to that request, petitioner sought to compel respondent to allow him to be present during the disciplinary hearings in question, as well as to access the disciplinary records for the named DOCCS employees. Petitioner also requested a waiver of the costs, fees and expenses related to the litigation. Respondent moved to dismiss so much of the petition/complaint as sought a declaratory judgment for want of personal jurisdiction pursuant to CPLR 3211 (a) (8) and to dismiss the entirety of the petition/complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Relevant to the issues raised on appeal, Supreme Court (Farrell, J.) granted respondent's motion to dismiss, finding that, because petitioner failed to serve a summons, it lacked personal jurisdiction with respect to the request for declaratory judgment, denied the requests for mandamus to compel and, in a separate order, denied petitioner's application to waive costs, fees and expenses. Petitioner appeals from both the judgment dismissing the petition/complaint and the order denying his request to waive costs, fees and expenses.
Initially, petitioner asserts that Supreme Court erred in dismissing that aspect of the petition/complaint seeking declaratory judgment as the order to show cause executed by Supreme Court (P. Lynch, J.) did not require service of a summons and, therefore, the court did have personal jurisdiction over respondent. "A court lacks personal jurisdiction [*2]over a respondent[/defendant] who is not properly served with process" (Matter of Hyundai Capital Am., Inc. v Marina, 233 AD3d 1318, 1319 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d 1330, 1330 [3d Dept 2019]). "When the requirements for service of process have not been met, it is irrelevant that the [respondent/]defendant may have actually received the documents, because notice received by means other than those authorized by statute does not bring a [respondent/]defendant within the jurisdiction of the court" (Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1355 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]). It is the petitioner's burden on a motion to dismiss pursuant to CPLR 3211 (a) (8) to demonstrate that proper service of process was made and, "because service of process is necessary to obtain personal jurisdiction over [respondents/]defendants, courts require strict compliance with the statutory methods of service" (Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d at 1330 [internal quotation marks, brackets and citation omitted]).
A request for declaratory relief is raised in the context of an action (see CPLR 3001; see generally Matter of Schulz v State of New York, 216 AD3d 21, 28-29 [3d Dept 2023], appeal dismissed 40 NY3d 1004 [2023], cert denied ___ US ___, 144 S Ct 1461 [2024]), which "is commenced by filing a summons and complaint or summons with notice in accordance with [CPLR 2102]" (CPLR 304 [a]), whereas a proceeding brought under CPLR article 78 is a special proceeding (see CPLR 7804 [a]), which is "commenced by filing a petition in accordance with [CPLR 2102]" (CPLR 304 [a]). Within 120 days of commencement of the action or proceeding, or within 15 days of the expiration of the statute of limitations if that limitations period is four months, "[s]ervice of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made" (CPLR 306-b). CPLR 403 specifies that, with respect to special proceedings, "[a] notice of petition, together with the petition and affidavits specified in the notice, shall be served on any adverse party" (CPLR 403 [b]; see CPLR 7804 [c]). However, "[a] court may grant an order to show cause to be served, in lieu of a notice of petition" (CPLR 403 [d] [emphasis added]; see CPLR 7804 [c]). Thus, read with the surrounding CPLR provisions dictating service requirements, it is evident that the language related to the service of orders to show cause contained within CPLR 306-b relates only to special proceedings. Therefore, the process necessary to commence an action is service of a summons and complaint or a summons and notice, while the process necessary to commence a special proceeding is service of a notice of petition and petition or an order to show [*3]cause and petition (see CPLR 304 [a]; 306-b; 403 [b], [d]).
Petitioner commenced this combined action for declaratory judgment and CPLR article 78 proceeding by filing a petition/complaint in conjunction with the proposed order to show cause. Upon execution by Supreme Court, the order to show cause directed service upon respondent of "this [o]rder . . . and the papers upon which it is granted" pursuant to CPLR 307 [FN2] and stated that such service "shall be deemed good and sufficient service thereof." Petitioner subsequently filed a sworn affidavit of service indicating completion of service of the order to show cause, petition/complaint, exhibit 1 (petitioner's email requesting to be present during the disciplinary hearings), exhibit 3 (DOCCS's response to petitioner's request for the disciplinary records in question) and petitioner's supporting memorandum of law. It is undisputed that petitioner did not serve a summons. Supreme Court (Farrell, J.) concluded that, because petitioner failed to serve a summons, it did not acquire personal jurisdiction over respondent with respect to the declaratory judgment portion of this combined action and proceeding and accordingly dismissed that part of the petition/complaint for lack of personal jurisdiction.
As stated above, service of both a summons and a notice of petition or an order to show cause is necessary to commence a combined action and proceeding, with the summons establishing personal jurisdiction with respect to the action and the notice of petition or order to show cause establishing personal jurisdiction with respect to the proceeding (see Matter of 301 E. 66th St. Condominium Corp. v City of New York, 224 AD3d 423, 426 [1st Dept 2024], lv denied 42 NY3d 904 [2024]; Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1211 n 1 [3d Dept 2022], affd 42 NY3d 936 [2024]; Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 407 [1st Dept 2013], lv dismissed 21 NY3d 930 [2013], lv denied 22 NY3d 854 [2013]). Contrary to petitioner's contention, the fact that the method of service proscribed by the order to show cause was complied with is not dispositive because service of the order to show cause only functions as an alternative to service of the notice of petition, thereby only establishing personal jurisdiction in the context of the CPLR article 78 proceeding (see Matter of Fry v Village of Tarrytown, 89 NY2d 714, 717 [1997]; cf. Matter of Sorli v Conveney, 51 NY2d 713, 714 [1980]; Matter of Robins v Rosa, 225 AD3d 1110, 1112 [3d Dept 2024]; Matter of Czajka v Dellehunt, 125 AD3d 1177, 1182 [3d Dept 2015]; Matter of Keith X. v Kristin Y., 124 AD3d 1056, 1057 [3d Dept 2015], lv denied 25 NY3d 907 [2015]). Consequently, service of the order to show cause does not operate as an alternative to service of the summons and, due to petitioner's failure to serve a summons, the court properly dismissed the declaratory judgment action [*4]for want of personal jurisdiction. The case law petitioner relies upon to argue that service of a separate summons was not necessary is inapposite to the facts presented here.[FN3] Moreover, to the extent petitioner asserts that this defect could and should have been overlooked, "the complete failure to file the initial papers necessary to institute an action is not the type of error that falls within the court's discretion to correct under CPLR 2001" (Park Premium Enters., Inc. v Norben Lofts, LLC, 220 AD3d 661, 662 [2d Dept 2023] [internal quotation marks and citation omitted]; see Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011]; Wesco Ins. Co. v Vinson, 137 AD3d 1114, 1115 [2d Dept 2016]; see generally Ruffin v Lion Corp., 15 NY3d 578, 582-583 [2010]).
Petitioner also requests orders compelling respondent to allow him to be present during the disciplinary hearings in question, as well as to access records of such proceedings.[FN4] [FN5] As these requests seek mandamus to compel, those portions of the proceeding remain (see CPLR 7803 [1]). "A writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Melendez v New York State Dept. of Corr. & Community Supervision, 240 AD3d 1111, 1112 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Clements v New York Secretary of State, 227 AD3d 84, 86-87 [3d Dept 2024], appeal dismissed 43 NY3d 955 [2025]). A mandatory act "is best described as one that is mandated by some rule, law or other standard and typically involves a compulsory result," while "[d]iscretionary acts . . . are not mandated and involve the exercise of reasoned judgment, which could typically produce different acceptable results" (Matter of Common Cause N.Y. v Kosinski, 241 AD3d 1036, 1041 [3d Dept 2025] [internal quotation marks and citations omitted]; see Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018], cert denied 587 US 1027 [2019]).
At this stage of the proceeding, we must accept the facts as alleged in the petition as true and accord petitioner the benefit of every possible inference (see Matter of Clarke v Azar, 233 AD3d 1396, 1397 [3d Dept 2024], appeal dismissed 43 NY3d 999 [2025]). Nevertheless, even crediting petitioner's assertion that the common-law and constitutional rights of access apply to the proceedings and associated records, these rights are not absolute and can be overcome in the presence of countervailing interests (see Press-Enterprise Co. v Superior Ct. of Cal. for Riverside County, 478 US 1, 9-10 [1986]; Matter of Herald Co. v Weisenberg, 59 NY2d 378, 383 [1983]; Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 6 [1st Dept 2000]). Thus, application of these rights necessarily entails "the balancing of competing interests, an inquiry which obviously involves a measure [*5]of discretion and precludes mandamus" (Matter of Crain Communications v Hughes, 74 NY2d 626, 628 [1989]; see Matter of Daily News, L.P. v Wiley, 126 AD3d 511, 514-515 [1st Dept 2015]). As such, petitioner has not established a legal right of access under either the common law or the US or NY Constitutions that is "so clear as not to admit of reasonable doubt or controversy" (Matter of Thornton v Saugerties Cent. Sch. Dist., 145 AD3d 1138, 1140 [3d Dept 2016] [internal quotation marks and citations omitted], lv denied 29 NY3d 902 [2017]; see Matter of Association of Surrogates & Supreme Ct. Reporters within City of N.Y. v Bartlett, 40 NY2d 571, 574 [1976]; see generally Matter of James Q., 32 NY3d 671, 676-677, 679-680 [2019]; Matter of McBarnette v Sobol, 83 NY2d 333, 340 [1994]; Doe v Office of Professional Med. Conduct of N.Y. State Dept. of Health, 81 NY2d 1050, 1052 [1993]; Matter of Johnson Newspaper Corp. v Melino, 77 NY2d 1, 9-10 [1990]; Matter of Herrick v Town of Colonie, 211 AD3d 1146, 1147 [3d Dept 2022], lv denied 39 NY3d 914 [2023]; Matter of Doe v City of Schenectady, 84 AD3d 1455, 1459 [3d Dept 2011]). Consequently, Supreme Court did not err in dismissing so much of the petition/complaint as sought orders compelling access to the disciplinary hearings in question or to the associated disciplinary records.
We also perceive no abuse of discretion in Supreme Court's denial of petitioner's waiver application. Supreme Court was permitted, upon motion by petitioner, to "waive the costs, fees, and expenses if [he] ha[d] insufficient means to pay such costs, fees, and expenses" (CPLR 1101 [a]). In so moving, petitioner was obligated to "file an affidavit or affirmation setting forth the amount and sources of [his] income and assets and listing any real property owned by [him] with its value; that [he] lacks sufficient means to pay the costs, fees, and expenses necessary to prosecute or defend the action . . . ; the nature of the action; sufficient facts so that the merit of the contentions can be ascertained; and whether any other person is beneficially interested in any recovery sought and, if so, whether every such person is unable to pay such costs, fees, and expenses" (CPLR 1101 [a]). "With respect to the potential merits of the action, a court should . . . satisfy itself that the action is not frivolous or, stated another way, that the action has arguable merit" (Eckert v Meadows, 216 AD3d 1397, 1398 [4th Dept 2023] [internal quotation marks, brackets and citations omitted]). Thus, despite petitioner's assertion to the contrary, the court did not abuse its discretion in denying petitioner's application based upon the lack of arguable merit to his underlying claims (see People ex rel. Johnson v Uhler, 191 AD3d 1065, 1067 [3d Dept 2021], lv denied 37 NY3d 902 [2021]; Matter of Roesch v State of New York, 187 AD3d 1651, 1652 [4th Dept 2020]).
Petitioner's remaining arguments have either been rendered academic in light of the foregoing determinations [*6]or have been reviewed and found to be lacking in merit.
Clark, J.P., Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment and the order are affirmed, without costs.

Footnotes

Footnote 1: Although denominated as a "Verified Petition," this document made clear that it was a "hybrid petition pursuant to . . . CPLR [a]rticles 30 [and] 78" and, therefore, is properly denominated as a petition/complaint.

Footnote 2: CPLR 307 (2) dictates the requirements for personal service upon a state officer sued solely in an official capacity or a state agency (see Matter of Johnson v Appeals Bd. of the Admin. Adjudication Bur., 224 AD3d 1111, 1111-1112 [3d Dept 2024]).

Footnote 3: This case law involved the distinct procedural context of "[a] challenge to a taxing authority's denial of a mandatory exemption pursuant to RPTL 420-a" which, the Second Department noted, could have been raised "by way of an RPTL article 7 proceeding, a CPLR article 78 proceeding, or a plenary action collaterally attacking the assessment" (Matter of Harrison Orthodox Minyan Inc. v Town/Village of Harrison, 239 AD3d 156, 170 [2d Dept 2025]). Because of this procedural backdrop, that Court determined that, "in lieu of dismissing the proceeding related to the [challenged] tax year due to the petitioner's failure to comply with certain conditions precedent applicable in the context of RPTL article 7 proceedings, the Supreme Court should have remedied the procedural infirmity by converting that proceeding into a hybrid CPLR article 78 proceeding and action" (id.). Therefore, the Court did so and directed " 'the notice of petition [be] deemed also to be a summons, and the petition [be] deemed to be the petition/complaint' " (id. at 170-171, quoting Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 990 [2d Dept 2014]). We are not presented with claims that could have been brought under either CPLR article 78 or as a plenary action but, instead, distinctive causes of action seeking relief under both.

Footnote 4: Although petitioner has expressly disavowed arguments related to his Freedom of Information Law (see Public Officers Law art 6) request, this separate application presents a distinctive issue in the nature of mandamus.

Footnote 5: Respondent indicated in his brief to this Court that some disciplinary hearings have been held and that other employees have resigned before disciplinary hearings could be held. Consequently, petitioner's contentions are moot insofar as he seeks access to disciplinary hearings that have already occurred or concern employees that have since resigned (see Cooke v Greenhouse Hudson, LLC, 230 AD3d 841, 843 [3d Dept 2024]). Nevertheless, as it is not clear how many disciplinary hearings remain to be held, if any, we address the underlying merits of his request.